## MARGARET KNOTT *vs.* HORACE B. SARGENT.

Suffolk. March 8. — July 24, 1878. COLT & SOULE, JJ., absent.

In an action for malicious prosecution, it appeared that the prosecution was begun by complaint to a police court, upon which the accused was arrested and tried; and that the judge found that there was probable cause to believe the accused guilty of the offence charged, and ordered him to recognize to appear and answer at the next term of the Superior Court; that a recognizance was given, containing the condition that if the accused should personally appear before the Superior Court at the term mentioned, and at any subsequent term "to which the same may be continued, if not previously surrendered and discharged, and so from term to term until the final decree, sentence or order of the Superior Court thereon; and shall abide such final sentence, decree or order," &c., the recognizance should be void; that the records of the Superior Court only showed that, at the term of that court to which the recognizance was returned, the grand jury returned no bill in the case of the accused. Parol evidence was admitted, against the plaintiff's objection, to the effect that the case was continued by the grand jury, on account of the absence of a material witness, and that at the next term of the court the same action was had by the grand jury, for the same reason ' and had not for more than a year afterwards been acted upon. *Held*, that the parol evidence was admissible, and that the prosecution had not been so far terminated that the action could be maintained.

TORT for malicious prosecution. Writ dated March 19, 1875. The declaration alleged that the defendant, maliciously and without probable cause therefor, caused a complaint to be sworn out

before a justice of the Police Court of the city of Salem on May 18, 1874, wherein the plaintiff was charged with the crime of larceny of sundry articles alleged to be the property of the defendant, and of the value of over $500 ; that thereupon the justice issued his warrant for the arrest of the plaintiff, which was duly served, and the plaintiff was brought into court and ordered to recognize with surety in $700 for her appearance, and to further answer to the complaint at the Superior Court to be held at Lawrence, in the county of Essex, on the first Monday of October then next ensuing, with which order the plaintiff complied ; that, at said term of the Superior Court, the complaint was heard by the grand jury, who returned no bill against the plaintiff in the premises, but she was discharged ; that this was the determination of the prosecution ; and that the plaintiff had sustained damage thereby. Answer, a general denial ; and that the prosecution and proceedings mentioned in the declaration were not determined, as alleged.

The records of the Police Court of Salem showed a complaint, signed and sworn to by George W. Luscomb, in behalf of the Commonwealth, against the plaintiff for the crime of larceny as alleged in the declaration ; the arrest of the plaintiff under a warrant issued upon the complaint; the judgment of the court that there was probable cause to believe the plaintiff guilty of the offence charged, and an order that she recognize in the sum of $700 " to appear and answer further to this complaint at the Superior Court to be held at Lawrence on the first Monday of October next."

The condition of the recognizance was as follows : " Now therefore, if the said Margaret Knott, according to the above mentioned order of the said Police Court, shall personally appear before the Superior Court to be holden as aforesaid, and then and there shall do and receive that which by the said Superior Court shall be then and there enjoined upon her; and also if she shall in like manner personally appear at any subsequent term of said Superior Court to which the same may be continued, if not previously surrendered and discharged, and so from term to term until the final decree, sentence or order of the said Superior Court thereon, and shall abide such final sentence, decree or order of the said Superior Court, and not depart without

leave, and in the mean time shall keep the peace and be of good behavior, then the above written recognizance to be void and of none effect; otherwise, to abide in full force, power and virtue."

The records of the Superior Court showed only that, at the term held on the first Monday of October, 1874, "the grand jury return 'no bill' in the following cases:" Then followed the names of several cases, among them that of Margaret Knott.

The district attorney for the county of Essex testified, against the plaintiff's objection, that the case was heard before the grand jury at October term 1874, and continued or postponed by them, on account of the absence of a material witness, until the next session, on the fourth Monday in January following; that at the next term there were other witnesses who could not be found, and the case was again continued by the grand jury, and had not, up to April, 1876, been acted upon by any grand jury.

The case above stated was submitted to the full court as a statement of facts, with the agreement that if the court should be of opinion that there had been such a termination of the proceedings as alleged in the declaration, the case should stand for trial; otherwise, the plaintiff should become nonsuit.

*C. J. Brooks*, for the plaintiff, cited *Gilbert* v. *Emmons*, 42 Ill. 148; *Stancliff* v. *Palmeter*, 18 Ind. 321; *Moulton* v. *Beecher*, 8 Hun, 100.

*G. A. Somerby & F. F. Heard*, (*H. B. Sargent, Jr.*, with them,) for the defendant.

MORTON, J. It is a familiar rule that, in an action for malicious prosecution, the plaintiff must prove that the prosecution which he alleges to be malicious has been terminated. "The new action must not be brought before the first be determined; because till then it cannot appear that the first was unjust." Bul. N. P. 12.

I. the prosecution alleged to be malicious was by complaint to a magistrate, upon which the plaintiff was bound over to appear at the Superior Court, he must show that he has been discharged by the order of that court. Until such discharge, the prosecution is not at an end, but he and his sureties remain liable upon his recognizance.

The *dictum* of Mr. Justice Buller in *Morgan* v. *Hughes*, 2 T. R. 225, that if the accused "was discharged by the grand jury's

not finding the bill, that would have shown a legal end to the prosecution," does not necessarily imply that the mere fact of the grand jury's not finding a bill at the term to which the accused is bound over would be an end of the prosecution. It rather implies that the prosecution is not ended unless he is discharged by reason of the grand jury's finding no bill. See *Thomas* v. *De Graffenreid*, 2 Nott & M'Cord, 143. Under our practice, it cannot be held that the prosecution is at an end, until the accused has been discharged by an order of the court.

In the case at bar, as is to be assumed for the purposes of the question before us, the defendant caused to be instituted before the Police Court of Salem a complaint against the plaintiff, charging her with the crime of larceny. She was adjudged to be probably guilty, and ordered to recognize, with surety, to answer further to the complaint at the October term 1874 of the Superior Court. She thereupon entered into a recognizance to appear at the October term of the Superior Court, and at any subsequent term or terms until the final sentence, decree or order of the Superior Court, and to abide such final sentence, decree or order. To prove that this prosecution was at an end, the plaintiff introduced the records of the Superior Court, by which it appears that, at the said October term, " the grand jury return ' no bill ' in the following cases," the list of cases forming part of the return including that of the plaintiff. But the record does not show that the plaintiff was thereupon discharged by the court. The mere return of " no bill " by the grand jury did not operate as a legal discharge of the accused, and did not necessarily import that the same or a subsequent grand jury might not find a bill upon the same complaint. The testimony of the district attorney, therefore, that the case was continued before the grand jury by reason of the absence of a witness, did not contradict the record, and was competent.

The evidence in the case shows that, at the time when the plaintiff commenced this suit, the prosecution alleged to be malicious had not been terminated; and it follows that she cannot maintain the action.

According to the terms of the agreed facts, therefore, the entry must be                                    *Plaintiff nonsuit.*