### STATE v. FRANK HARRIS.

*Indictment  Criminal Practice.*

Where a bill of indictment is ignored, a new bill charging the de-
fendant with the same offence may be sent to the same grand
jury, with the names of other witnesses endorsed thereon.

(*State* v. *Branch,* 68 N. C., 186; *State* v. *Brown,* 81 N. C., 568, cited
and approved.)

INDICTMENT for carrying concealed weapon, tried at Fall
Term, 1884, of ORANGE Superior Court, before *Philips, J.*

A bill of indictment against the defendant was sent to the
grand jury at the fall term, 1884, of Orange superior court,
which was "ignored." At the same term, a second or new
bill was sent against the same party for the same offence be-
fore the same grand jury, and a witness other than that sent
upon the first bill was sworn and sent. The second bill
was returned into court "a true bill." Thereupon the de-
fendant's counsel moved to quash the second bill, the court
sustained the motion and the state appealed.

*Attorney-General,* for the State.
*Messrs. Graham & Ruffin,* for the defendant.

MERRIMON, J. We are unable to conceive of any ade-
quate reason why, where the grand jury ignores a bill, a
new one may not be sent for the same offence and before the
same grand jury, whether reference be had to the rights of
the party accused, or the orderly course of judicial procedure.
The bill ignored may not be returned to the grand jury be-
cause the presentment embodied in it has passed into the
record, and the bill itself has gone upon the files of the
court. But another bill may be sent at once, if need be,

and the same and additional evidence laid before the grand jury to support it.

There might be a variety of reasons why a new or fresh bill should be sent, as that the jury might have failed upon the first bill to examine the witness properly, and elicit all the facts; or, they might have misapprehended the character of the evidence which they could understand and appreciate after some explanation of it by the court in a proper case; or, new evidence might be produced; and indeed, it is easy to conceive of a case in which it might be of great moment to society and a due administration of public justice that a new bill should be promptly sent.

It may be said that if a second bill can be sent in such a case, so may a third and fourth under like circumstances; and thus the accused might be greatly harrassed and oppressed. It is not to be presumed that the prosecuting officer would needlessly multiply bills for the same offence, much less that he would so prostitute his office to gratify his own malice or that of others. He would be amenable for such an offence, and besides the grand jury might refuse to act upon bills thus sent, and complain to the court; and upon prop.r application the court would promptly interpose a wholesome check.

It is true that, ordinarily, where a party is recognized to appear at the court and answer a criminal charge, or where he is detained in prison to await the action of the grand jury upon a criminal charge against him, he is entitled to be discharged as soon as the bill is ignored and returned into court; but it is likewise true, that upon satisfactory evidence laid before the judge, he may refuse to discharge the accused, or, require him to give new bail; or a committing magistrate, upon like evidence, may at once issue a warrant for his re-arrest. This is frequently done. And in many cases, bills against parties are sent to the grand jury before they have been arrested and while they are at large.

42

So that, no right of the accused is necessarily invaded or abridged by sending a second bill in the case mentioned.

It has been common practice in this state to send a second bill for the same offence at the same term of the court where the first had been ignored, if need be. We have not known such practice condemned, nor are we aware that it has in any case led to needless vexation or apprehension of the accused.

In *State* v. *Branch*, 68 N. C., 186, Chief Justice PEARSON, said : " But we can see no objection to the practice, that after an indictment has been returned . ' not a true bill,' the state solicitor, upon a suggestion to the court that he has procured further evidence, may be allowed to send another bill to the same grand jury, charging the same offence." In *State* v. *Brown*, 81 N. C., 568, this court held that a bill returned " not a true bill," could not be *reconsidered* by the same grand jury, but Mr. Justice ASHE said, that "in every such case a new bill should be sent." In that case he makes reference to what Mr. Justice BLACKSTONE said on the same subject, but he did not find it necessary to adopt his view, or definitely construe his language. BLACKSTONE says, that where the grand jury ignores a bill,—endorsed " not a true bill," or " not found "—then the party (the accused) " is discharged without further answer. But a fresh bill may afterwards be preferred to a *subsequent* grand jury. 4 Bl. Com., 305. He does not say that a fresh bill may not be sent to the same grand jury, nor does he assign any reason why this may not be done. Other English authorities say that a fresh bill may be sent to a subsequent grand jury. There are, however, like high English authorities which say that a fresh bill may be sent to the *same* grand jury. Mr. CHITTY, in his Work on Criminal law, (vol. 1, p. 325) says: "If the bill be not found, or if the indictment is defective, a new and more regular one may be framed, and

sent to the *same,* or another grand ·jury for their finding."
Bac. Abr. Indictment, " D."

So it seems that the practice in England is not clearly or
certainly settled, but the preponderance of authority there,
is against sending a fresh bill to the same grand jury for
the same offence where the first had been ignored.   No sat-
isfactory reason is assigned for this that we have seen.   It
is said to be founded in  convenience, and  this is probably
the correct reason.   *Regina* v. *Humphrey,* 1 Car. & Mar., 601.

It seems, however, that this practice has not obtained rec-
ognition in this country.   *Knott* v. *Sargent,* 125  Mass.,  95;
Thom. & Mer. on Juries, § 661, and the cases there cited.   As
we have said, we can see no  reason resting in  principle, or
founded  in  convenience, that forbids the  view  we  have
here expressed, and  recognized in former  decisions of this
court.

There is error.   The judgment quashing the indictment
must be reversed, and the action proceeded with according
to law.   To  this end, let this  be  certified to the superior
court of Orange county.

Error.                                Reversed.