STATE v. T. A. IVEY.

*Indictment—Finding the Bill—Motion to Quash.*

Where an indictment, upon which witnesses had been examined, was
    returned by the grand jury "a true bill," and quashed because
    it did not sufficiently charge the offence intended, and thereupon
    a new bill for the offence was sent and returned into Court "a
    true bill," without a re-examination of the witnesses upon this
    bill; *Held*, that it should be quashed.

INDICTMENT for removal of crops, tried upon a motion to
quash, at November Term, 1887, of the Superior Court of
HARNETT, before *Merrimon, J.*

On Tuesday, of the term of the Court, a bill of indictment
was sent to the grand jury, and upon the examination of wit-
nesses duly sworn before them, they returned the same into
Court "a true bill."

The Solicitor for the State conceded that this indictment
was insufficient, did not charge the offence intended, and it
was quashed by the Court.

Thereupon, a fresh bill was sent to the grand jury on
Thursday of the term, which they returned into Court "a
true bill," without examining any of the witnesses endorsed
upon the same, believing they had a right to do so, because
they had already examined the witnesses on the first bill
sent to them. These facts appearing, upon the motion of
the defendant, the Court quashed the indictment, and gave
judgment for him, from which the Solicitor appealed to this
Court.

*Attorney General* and *Mr. J. B. Batchelor*, for the State.
*Mr. F. P. Jones*, for the defendant.

MERRIMON, J., (after stating the case). In criminal pro-

cedure properly speaking, a presentment by a grand jury is the official notice, taken by them, of any criminal offence from their own knowledge or observation, or the same from any member of their body, or from the evidence of any competent witness duly sworn, given before them, or any proper evidence in the absence of a bill of indictment for the offence laid before them. It should be in writing, and contain a summary of the accusation, the names of the person or persons presented, and the names of the witnesses who can give evidence of the facts of the offence. It is not necessary that it should be signed by all the grand jury, or at all, though usually it is signed by the foreman, but it should be delivered to the Court in their presence, by their foreman, who is their official organ. Thus returned, it passes into the record of the Court and becomes effectual, and the beginning of the prosecution. It requires no further authentication. It is such return into Court, and putting it of record, that gives it efficient force. *State* v. *Cain*, 1 Hawks, 352; *State* v. *Cox*, 6 Ired., 440; 4 Bl. Com., 301; 1 Bishop Cr. Pr., § 731.

Usually, a bill of indictment is framed, upon the presentment, by the Solicitor for the State, and sent before the grand jury, to be acted upon by them. The names of the witnesses to be examined are written on the back of the bill, and they must be sworn in open Court, or by the foreman of the grand jury, as allowed by the statute (*The Code*, § 1742), before they are examined.

But a presentment is not essential to a bill of indictment, nor is it necessarily initiatory to a criminal prosecution. The Solicitor for the State, an important officer, in whom reposes a high trust, may lay before the grand jury such bills of indictment, as in his sound discretion he may deem proper, acting upon trustworthy information. He should carefully guard himself in the exercise of his office, against imposition, and persons who seek to gratify their spleen or malice.

The indictment is the formal written accusation of one or more persons of a crime or misdemeanor, preferred to, and presented upon, their oath by a grand jury. In strict legal parlance it is not so called, until the bill has been found "a true bill" by the grand jury. Until then, it is called simply a bill. 4 Bl. Com., 302; Arch. Cr. Pr. 1, 58, 59.

The action of the Grand Jury, upon bills of indictment, is very important to individuals and the public. On the one hand, the safety, good order, and well being of society are to be affected for good or evil by it; and on the other, a person should not be carelessly accused of crime. This should be done upon solemn accusation, and for reasonably apparent cause; it may be of great consequence to the accused, whether the accusation be well or ill founded. Such bills are not to be treated lightly, but seriously; the action of the Grand Jury must be based, not merely upon conjecture, suspicion, mere information, what they or a member or members of their body may know, but upon the testimony of witnesses duly sworn, or other evidence that comes before them, duly authenticated. If a grand juror has knowledge of facts material, he should be sworn as a witness, and examined as such. *State* v. *Cain*, 1 Hawks, 352.

The Grand Jury is an inquisatorial and an accusing body; they hear only the evidence on behalf of the prosecution. The finding of the bill of indictment is in the nature of an inquiry, or accusation, which is afterwards to be tried, when the accused will have opportunity to make defence. They must inquire, whether there be sufficient cause to call upon the accused party to answer, but such inquiry must be founded upon proper evidence. They do not act in the light of evidence the accused may produce in his behalf upon his trial; but they should be satisfied of the truth of the charge contained in the bill of indictment, so far as their evidence goes. It is essential that witnesses should be sworn, and competent. In *State* v. *Fellows*, 2 Hay., (340) 520, it was held, that

when the indictment was found upon the single testimony of an incompetent witness, it should be quashed. And it has been repeatedly held, that the indictment should be quashed, when the same was found upon the evidence of witnesses not sworn. *State* v. *Cain,* 1 Hawks, 352; *State* v. *Roberts,* 2 Dev. & Bat, 540; *State* v. *Lanier,* 90 N. C., 714.

If, as in this case, the indictment be found to be defective, a fresh bill may be sent at the same term, before the same Grand Jury that found the insufficient indictment, and they may act upon it. *State* v. *Harris,* 91 N. C., 656. But they cannot do so, basing their action entirely upon what witnesses testified to when they had the first bill under consideration, without a re-examination of the witnesses, or the examination of other witnesses, or hearing other proper evidence before them. This is so, because the fresh or second bill is, as to them, a new and independent one, different in some of its features from the first indictment; it charges the offence in a different way, to a greater or less extent—it may charge a different offence altogether. The witnesses might testify differently from what they at first did, in view of the new bill; they might modify what they at first said; they might testify as to additional facts; they might have testified falsely at first; they might testify truly upon re-examination. As to the second bill, there was no evidence before the Grand Jury at all, in contemplation of law. They must act upon evidence taken in respect to the bill of indictment before them. This is essential, in the intelligent and fair discharge of their important duty—to give the evidence just application, point and force, and to identify the witnesses with, and render them responsible for, what they testify to in the course of the prosecution. They, in this case, did not testify as to the new bill.

It is said, that the new bill was to be taken in connection with the first indictment—as an additional count in it—in accordance with what was said and held in *State* v. *Johnson,*

5 Jones, 221. It appears that the first indictment was quashed before the new bill was sent to the Grand Jury; but if this were otherwise, treating the new bill as an additional count, it was embodied in a separate and distinct bill, considered, acted upon. and presented by the Grand Jury at a different time. They could not consider it in connection with, and as part of, the first indictment—the latter was before the Court, and had passed into the record.

They might have ignored the new bill, without reference to the first indictment. Moreover, treating a new indictment, curing defects in a former one, as an additional count in the latter, is allowed by a rule of practice, that in no way applies to, or affects the action of, the Grand Jury.

There is no error.

Affirmed.