(Decided June 20th, 1895.)

---

# WILLIAM F. OWENS *vs.* EDWARD R. OWENS.

*Malicious Prosecution—Testimony of Foreman of Grand Jury—Certificate by Trial Judge as to Testimony not Contained in Bill of Exceptions.*

In an action for malicious prosecution, it was held upon the facts that the evidence was sufficient to authorize the jury to find that the defendant caused the plaintiff's arrest, that the same was without probable cause and malicious, and that the prosecution was at an end.

In such action, when, in order to show the end of the prosecution, the foreman of the grand jury has testified that the case against the plaintiff was dismissed, it is not competent to ask him on cross-examination why it was dismissed, for the purpose of showing that the prosecution was abandoned at the instance of the defendant. Different reasons may have influenced different grand jurors, and in most cases they should not be permitted to assign reasons for their actions.

In an action for malicious prosecution, evidence that after the arrest and imprisonment of the plaintiff, efforts were made by the defendant to have the prosecution dismissed is not admissible, either in bar of the suit or in mitigation of damages.

The certificate of the trial Judge, contained in the record, as to what was proved at the trial, will be considered on appeal, although not embodied in a bill of exception, when such certificate refers to the matter of the exception.

An exception was taken to the action of the trial Court in rejecting certain evidence. Subsequently this fact was proved in the case by

another witness, and it was so stated in a certificate of the trial Judge filed the same day as the bill of exception. *Held*, that such certificate would be considered on appeal in connection with the exception.

Appeal from the Circuit Court for Anne Arundel County. The case is stated in the opinion of the Court. The jury rendered a verdict for the plaintiff assessing his damages at $1,700. The certificate referred to in the opinion of the Court is as follows :

"Memorandum to be inserted in the record following the exceptions : At the request of the plaintiff, through his counsel, it is further certified, that after the evidence embraced in the aforegoing exceptions and after the rejection of the defendant's prayer, contained in the 5th exception, the defendant proceeded to examine witnesses on his behalf and the defendant himself testified in his own behalf, and in the course of his testimony testified to the fact that he went before the grand jury at the October term, 1892, (spoken of by the witness, Henry M. Murray, foreman of the grand jury), and stated to said jury that he abandoned the said charge against his brother, this fact the plaintiff asks to have inserted for the reason that even assuming that the Court were wrong in excluding the testimony which the defendant proposed to offer by the witness Murray, yet still no injury was done the defendant by such exclusion, inasmuch as by his own testimony he got before the jury substantially the reason why the grand jury dismissed the charge.

" It is also by the same request further certified, that after the evidence on both sides was closed, certain prayers for instructions to the jury were offered by both parties, those of the defendant (conceded by the plaintiff and granted by the Court) distinctly placing upon the plaintiff the burden of proof of showing the want of probable cause for the said prosecution of the plaintiff by the defendant. The Court not being fully satisfied of the propriety of the practice of certifying to anything taking place during the trial subsequently to the taking of the exceptions—yet, so as to

do no possible harm to the plaintiff, this certificate is signed to avail as it may, and leaving to the Court of Appeals to determine upon the question of the right to so certify—the practice not appearing to be clearly settled. The defendant objects to the Court signing this certificate; but without waiving any of his objections, request the Court if it signs the certificate at all, to further certify that the defennant testified that as the plaintiff was his brother and had been sufficiently punished for his misconduct, and their father was an old man and very nervous and infirm, and this trouble was a great source of worry to him, he desired that the grand jury would not bring in any indictment against the plaintiff, or words to that effect.

" Witness our hands and seals, this 28th day of January, 1895, counsel agreeing that the foregoing be signed upon an understanding between counsel that it is subject to objection made in this Court by defendant's counsel, and with the right to defendant's counsel to press said objection in the Court of Appeals. Jas. Revell, I. Thomas Jones."

The cause was argued before ROBINSON, C. J., BRYAN, MCSHERRY, FOWLER, PAGE and BOYD, JJ.

*Frank H. Stockett* and *James M. Munroe*, for the appellant.

*D. R. Magruder* and *Robert Moss* (with whom was *J. R. Magruder*, on the brief), for the appellee.

BOYD, J., delivered the opinion of the Court.

This was an action for malicious prosecution brought by the appellee against the appellant. At the conclusion of the plaintiff's testimony, the defendant asked the Court to instruct the jury that there was no evidence in the case legally sufficient to entitle the plaintiff to recover. The rulings of the Court in rejecting that prayer and in excluding some evidence, to be hereinafter referred to, are before this Court for review.

It is contended on the part of the appellee that the prayer

is too general and was properly rejected by the Court below on that ground. It certainly did not direct the Court's attention to the particular point or points in which the evidence, in the opinion of the defendant, failed. It is a practice not to be approved of; but, without stopping to discuss the form of the prayer, we think no sufficient reason has been given to justify us in saying that the evidence is so lacking in any material point necessary to sustain the plaintiff's case that it should not have been submitted to the jury.

It is conceded that the plaintiff was prosecuted by the defendant for an alleged criminal offence—an assault with intent to kill. He was imprisoned in the county jail for about two weeks, when he was admitted to bail. It was shown by the evidence of the deputy clerk that no presentment had been found against the plaintiff, and by the foreman of the grand jury that the case was dismissed. There can, therefore, be no question that the prosecution had been finally terminated in favor of the appellee. *Hyde v. Greuch*, 62 Md. 582. A careful examination of the record satisfies us that there was abundant evidence from which the jury could find that the arrest was without probable cause. The testimony of the plaintiff not only tends to show that he did not assault the defendant, but that on the contrary he was assaulted by him. It is true that he admits that he threw a brick at the door of the kitchen connected with the house which he wanted to enter to see his father. But the circumstances, as detailed by him, which for the purposes of this prayer we must accept as true, were such that the jury may have well reached the conclusion that the charge made by the defendant was wholly unjustifiable. He was not acting on what others had told him, but on what he could see for himself. The plaintiff testified that " I told him (defendant) that I had come to see my father, and started to enter the kitchen door, and as I placed my foot on the step he shoved me back and I caught on my hands; as I fell back my hand

came in contact with a brick, and I picked it up; my brother by this time had gone in the kitchen and left the door nearly closed, being prevented from closing it by my foot placed on the sill; I threw the brick at the door and then went in the kitchen." The jury might well have found, if they believed that statement, that the defendant was not justified in having the plaintiff arrested for committing an assault on him, with a brick, with intent to kill, and that the arrest was without probable cause. If they found that the arrest was without probable cause, they could infer malice, and there was, moreover, other evidence in the case to support that inference. It was clearly a case for the jury to pass upon, and the Court would not have been justified in withholding it from them. That prayer was therefore properly rejected.

After the foreman of the grand jury had testified that the case against the plaintiff was dismissed, the defendant asked on cross-examination why it was dismissed. The Court refused to permit the question to be answered. The record shows that the witness had been permitted to testify that the case had been dismissed by the grand jury for the purpose of showing that the prosecution was ended. The evidence being admitted for that purpose, it is difficult to see the relevancy of the inquiry why it was dismissed—in other words, why it was ended. But different reasons might have influenced the grand jurors, and it was not competent for the foreman to undertake to give them. As was said in *Elbin* v. *Wilson*, 33 Md. 144: " All the authorities concur in saying that the juror will not be permitted to state how any member voted, or the opinion expressed by his fellow or himself, or the individual action of any juror in regard to the subject-matter before them." This is not such a case as *Knott* v. *Sargeant*, 125 Mass. 95, relied on by the appellant. There the grand jury simply did not find a bill at the first term of Court—they did not dismiss the case. The recognizance which the accused had entered into required her to appear at the October

term of 1874 of the Court, and at any subsequent term or terms until the final sentence, decree or order of that Court. It was held that she had not been discharged and the case was consequently not ended. The *District Attorney* was therefore permitted to testify that the case was continued before the grand jury by reason of the absence of the witness. Cases occur in which it is essential to call grand jurors as witnesses, but the rule should not be extended beyond what is necessary for the purposes of justice, and it would be exceedingly dangerous, in most cases, to permit them to explain or assign reasons for their actions.

Much of what we have already said about the question involved in the first bill of exceptions applies to the second, third and fourth. In all of them the effort was made to have the foreman explain the action of the grand jury. The object seemed to be to show that the prosecution was abandoned at the instance of the appellant. We do not think that relevant. We must assume that the grand jury would not have dismissed the case, even at the instance of the appellant, unless they thought it proper to do so. There was no proffer to show that the appellant took such action at the request or with the knowledge of the appellee. Nor do we think that any effort on the part of the appellant to have the case dismissed could be offered in evidence, either in bar of the suit or in mitigation of damages. The appellee had already suffered the injury he complained of, as he had been arrested in the month of May before the October term of Court, when the case was dismissed, and had remained in jail for two weeks. It may be that the appellant believed he had done his brother a wrong, or he may have been anxious to relieve himself from farther liability, or he may have acted from a desire to save his father from annoyance and his brother from further trouble, but whatever his motive was his action then would not compensate the appellee for the injury already done him. Of course the dismissal of the case did not preclude the appellant from showing that the appellee was in fact guilty,

and the learned Judges below have certified that they granted prayers instructing the jury that the burden of proof of showing a want of probable cause was on the plaintiff. That was, evidently, because the testimony of the foreman of the grand jury had only been admitted to prove that the prosecution was ended and not for the purpose of showing a want of probable cause. But the certificate of the Judges also shows that after the exceptions were taken by the defendant he testified that he went before the grand jury and requested them not to indict his brother. So we find that he did get the benefit of the testimony he is complaining of having been excluded. It is contended on the part of the appellant, that this Court cannot consider the certificate of the Judges. No authority has been offered to sustain that position, and we can see no reason why it cannot be done under such circumstances as those in this case. All of the exceptions were taken before the plaintiff closed his case. It has been frequently decided by this Court that even if an error be committed by rejecting testimony, and it is subsequently admitted during the trial of the case, the judgment should not be reversed on account of the original error. A bill of exceptions ordinarily only contain what has transpired, and is relevant to the time the exception was noted, and it may be signed at once. If subsequent to that time the error is corrected, cannot the trial Judge certify that fact to the appellate Court? For example, suppose the defendant had called the foreman of the grand jury as his witness, and had asked the identical question stated in these bills of exceptions, and the witness had answered them without objection or with the permission of the Court, could it be said that if the Judges below had already signed the exceptions they could not inform this Court of what subsequently transpired? There ought to be no doubt about their right to do so, for if this Court deemed the ruling of the Court below, as set out in the exceptions, reversible error, it might reverse the judgment for the exclusion of testimony which in point of fact was before the jury. The certificate was

filed the same day the bills of exceptions were and expressly refers to them.   If the exceptions were not signed before the testimony was taken by the defendant, the Judges might have inserted in them the facts stated in the certificate ; but as they did not, there can be no valid objection to their signing a certificate of this character to be taken in connection with the exceptions.

As we find no error in the rulings of the Court below, the judgment must be affirmed.

> *Judgment affirmed with costs to the appellee.*

(Decided June 19th, 1895.)