UNITED STATES of America, Appellant,

v.

Noel Bryant JAMES, Appellee.

No. 18640.

United States Court of Appeals Fifth Circuit.

June 6, 1961.

Rehearing Denied July 1, 1961.

Edward V. Boagni, Asst. U. S. Atty., T. Fitzhugh Wilson, U. S. Atty., Shreveport, La., for appellant.

George M. Snellings, Jr., Monroe, La., McHenry, Snellings, Breard & Sartor, Monroe, La., of counsel, for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This case presents the question whether the Grand Jury returning a second indictment must hear some evidence other than that heard prior to returning an earlier indictment relating to the same transaction and purporting to charge a like offense. The District Court thought it did, and dismissed the indictment. We disagree and reverse.

The facts of this record are few and simple. A former Grand Jury returned an indictment against the appellant presumably charging the theft, embezzlement or misapplication of certain furniture and fixtures belonging to an insured bank of which he was President. Such property was asserted to be "moneys, funds or credits of such bank or any moneys, funds, assets or securities intrusted to the custody or care of

such bank, or \* \* \* officer \* \* \* " as described in 18 U.S.C.A. § 656. We are not concerned with this indictment or its validity and mention it only to preserve the uniformity of reference to it as the First Indictment. It was dismissed by the Government after the attack by the defendant on the ground that chattels belonging to the bank were not "moneys, funds or credits" of the bank.

Subsequently, and after the impaneling of a new Grand Jury, it returned on February 19, 1960, what is called the Second Indictment. It alleged that defendant, as president of the insured bank, embezzled and converted to his own use a credit of such bank represented by a promissory note, signed by specifically named makers and payable to the defendant personally in the sum of $5,000, which defendant had received in payment for furniture and fixtures belonging to the bank and which note he thereafter sold to a third party.

The defendant attacked this Second Indictment on the ground that it was fatally defective because of the impossibility of ascertaining from it whether defendant was charged with a felony or misdemeanor.[1] While the motion was pending and before any action was taken on it by the Court, the Government did two things. First it had the Grand Jury recalled on April 21, 1960, at which time the Third Indictment was returned. Next, and immediately after the return of the Third Indictment, the Second Indictment was voluntarily dismissed by the Government.

The Third Indictment was returned on April 21, 1960, by the same Grand Jury and under the signature of the same foreman as the Second Indictment of February 19, 1960. The language of the Third Indictment was identical with that of the Second except that in referring to the $5,000 promissory note payable to defendant the Third Indictment expressly stated that it was "of a value in excess of One Hundred \* \* \* Dollars" and had been sold by defendant to the third party "for a sum in excess of One Hundred \* \* \* Dollars." Since the Second Indictment was thereafter voluntarily dismissed, the Third Indictment was now the sole pending charge.

To the Third Indictment the defendant filed a motion attacking its validity on the ground that no evidence whatsoever was heard by the Grand Jury at the time the Third Indictment was heard and returned. The defendant's personal affidavit verified that categorical statement in the motion.[2]

As the Government's brief before us and the Trial Court's opinion each reflect, on the hearing of the motion to dismiss the Third Indictment the Government conceded that no witnesses were presented to or heard by the Grand Jury at the time of the return of the Third Indictment.

It is important, however, to stress the limited *time* covered by that concession, as well as that in defendant's supporting affidavit. Neither the Government's statement nor defendant's affidavit undertook to negative the appearance of witnesses and the hearing of evidence by this Grand Jury concerning this transaction at times prior to April 21, 1960.

Much of the argument below and here has been over the invalidity of the Second Indictment. The defendant's theory has been that where value is essential to establish the grade of the offense as a misdemeanor or felony, there must be a positive allegation of valuation, hence no

---

1. This was based on the monetary classification of the statute by which misappropriation, etc. of credits of a value in excess of $100 is a felony, whereas if the value is less than $100 it constitutes a misdemeanor. 18 U.S.C.A. § 656.

2. The motion also requested the Court to allow defendant by appropriate subpoenas to examine into the Grand Jury proceedings and, alternatively, requested the Court in its discretion to do so in camera since, it asserted, "such investigation of matters occurring and of the submission of this cause to the Grand Jury will *disclose grounds establishing the validity* of this motion to dismiss the indictment for absence of any competent supporting evidence whatsoever."

felony was charged. Cartwright v. United States, 5 Cir., 1944, 146 F.2d 133, at page 135; 32 Am.Jur., Larceny § 112 at 1023. To overcome the charge as a misdemeanor he asserted that since credits, not chattels, of the bank constitute the subject of the statute, a nominal value may not be attributed to the paper as has sometimes been done in other circumstances. See, e. g., Clark v. United States, 6 Cir., 1920, 268 F. 329; Jolley v. United States, 1898, 170 U.S. 402, 18 S. Ct. 624, 42 L.Ed. 1085; Keller v. United States, 7 Cir., 1909, 168 F. 697.

But we are not concerned with the validity of the Second Indictment. It no longer exists. What, and all there is in controversy is the validity of the Third Indictment, and that for the equally narrow, specific contention that no evidence was heard *at the time* it was returned.

 We see nothing here to prevent the full application of the usual rule that an indictment, regular on its face and returned by a legally constituted Grand Jury is presumed to be founded on competent evidence. Costello v. United States, 1956, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397; Holt v. United States, 1910, 218 U.S. 245, at pages 247–248, 31 S.Ct. 2, at page 4, 54 L.Ed. 1021; United States v. Texeira, 2 Cir., 1947, 162 F. 2d 169, at page 170; United States v. Sugarman, D.C.D.R.I.1956, 139 F.Supp. 878, at page 881; United States v. Quinn, D.C.E.D.N.Y.1953, 116 F.Supp. 802, at page 804; United States v. Brumfield, D. C.W.D.La.1949, 85 F.Supp. 696, at page 704; United States v. Fujimoto, D.C.D. Hawaii 1952, 102 F.Supp. 890, at page 894. There is a complete absence of any positive factual showing that this Grand Jury did not at any time while it was

hearing evidence concerning this transaction have before it some evidence from which it could infer a valuation in excess of $100. Cf. Brady v. United States, 8 Cir., 1928, 24 F.2d 405, at pages 407–408.[3]

 We decline to counteract that presumption by finding or creating the other one implicit in State v. Ivey, 1888, 100 N.C. 539, 5 S.E. 407, so heavily relied upon by the District Court. That case undertook to hold that before a Grand Jury may return a second indictment against the defendant concerning the same transaction it must physically rehear at least so much of the evidence as is necessary to cover each essential element of the crime. In reality it works out another presumption—the presumption that the Grand Jury must not have had evidence touching upon the element inadequately alleged in the first indictment otherwise it would have returned an indictment in proper legal form and language.[4]

The fact that the same Grand Jury after hearing evidence has previously returned an indictment purporting to charge the same offense does not deprive the subsequent indictment returned without hearing additional evidence of the usual presumption of validity. The Grand Jury may use what it has legally heard before. Eidson v. United States, 10 Cir., 1959, 272 F.2d 684, at page 687; Thompson v. United States, 9 Cir., 1913, 202 F. 401, at page 404, 47 L.R.A.,N.S., 206; United States v. Bopp et al., D.C. N.D.Cal.1916, 232 F. 177, at page 178; Ex parte Harlan, C.C.N.D.Fla.1909, 180 F. 119, at page 129. It has been well stated by the 10th Circuit. "The grand jury having heard the witnesses once, it

---

3. The continued vitality of this case may be uncertain. See the reference to it and similar cases by the Supreme Court in Costello v. United States, supra, 350 U.S. 359, at page 361, note 4, 76 S.Ct. 406, at page ——.

4. This was the theory followed by the District Court below in its memorandum opinion. "In the present case the second indictment was defective in its substance,

in failing to allege either a felony or a misdemeanor. Obviously, there was no evidence before this Grand Jury as to the value of the note when it returned the second indictment.. Otherwise, it would have been alleged. Likewise, there must have been no evidence then as to defendant's having sold the note for more than $100, or that, too, would have been alleged. * * *" [187 F.Supp. 444].

was not essential to the validity of the second indictment that they be recalled and give in the form of repetition the evidence previously given before the same grand jury. It was well within the province of the grand jury to return the second indictment without recalling the witnesses and hearing them anew." 272 F.2d 684, at page 687. And when, in this fashion, it has heard some evidence, the sufficiency, adequacy, or competency of that evidence may not be inquired into by an attack on the indictment. Costello v. United States, 350 U.S. 359, at page 363, 76 S.Ct. 406, at page 408, 100 L.Ed. 397; see 59 A.L.R. 567, Pars. II, III, IV at 573, 579, 581; 31 A.L.R. 1479.

The Indictment was and is valid.

Reversed.