**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank DeVOE, Defendant-Appellant.**

**No. 73–1562.**

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1974.

For opinion after remand see 493 F.2d 776.

Melvyn Kessler, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Robert C. Byrne, Harold F. Keefe, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Frank DeVoe was indicted by a federal grand jury in two counts for violations of Title 21 U.S.C. Sec. 841(a)(1). Count I charged knowing and intentional possession with intent to distribute approximately 1.0 gram of heroin on July 5, 1972. Count II charged knowing and intentional distribution thereof on the same date.

After one mistrial, declared because of a deadlocked jury, the appellant was retried on November 14, 1972 resulting in

a jury verdict of guilty as to each count of the indictment. A motion for new trial was denied January 8, 1973, and DeVoe was sentenced on January 24, 1973 to concurrent 18 months prison terms, to be followed with a special parole term of three years. Notice of appeal was filed timely on January 29, 1973 following denial of the motion for new trial. The appellant then filed before this court a Motion for Remand, which alluded to an additional motion for new trial filed and then pending before the trial court. This motion was based on alleged newly discovered evidence, said to bear directly on the question of guilt or innocence and not available to or known to DeVoe or his counsel at the time of trial. The evidence was alleged to have been in the government's possession at the time of trial. The government filed a response which alluded to the evidence and made some superficial admission of a lack of complete candor with appellant and his attorney. An administrative panel of this court denied the Motion for Remand on June 23, 1973 and denied rehearing of that motion on July 21, 1973. The trial court on July 2, 1973 denied the motion for new trial, without prejudice to refiling after conclusion of this appeal.

We sketch very briefly the evidence at trial leading to DeVoe's conviction. Government agents said they met with a confidential informant on July 5, 1972 at Denny's Restaurant on Sheridan Street in Hollywood, Florida. He was searched for weapons, contraband and narcotics and proceeded with Detective Thomas by car to 110 N.W. 8th Avenue, Dania, Florida, DeVoe's home. Agent Charette kept the two under surveillance. Thomas stated that he and the informant met appellant and a white female near appellant's door and entered the house with them, that the informant talked with DeVoe while the young lady showed Thomas over the house, and that he (Thomas) witnessed an aluminum packet being passed from DeVoe to the informant. Thomas gave DeVoe twenty dollars and received the packet from the informant. Thomas and the informant left, the agent again searched the informant and found him "clean", and conducted a field test which proved the packet contents to be heroin. The other agent Charette verified this testimony except that he said he did not see the exchange.

In his defense the defendant denied the entire government testimony, saying he had never seen agent Thomas before trial. He said that on the evening of July 4 he and a young lady, Lorraine Shapiro visited several night clubs before returning early the morning of July 5 to her apartment at the Escape Motel on Birch Road in Fort Lauderdale, Florida,[1] where they slept until 1:30 the afternoon of July 5. Upon awaking, they went to the China House (a café), ate something there and went separately to appellant's house where they watched television until 6:00 p. m. At that time the two went to DeVoe's mother's home. He said he did not see Thomas or anyone else that afternoon other than the other occupants of his house. DeVoe also offered the testimony of two character witnesses. Miss Shapiro was not called nor was the reason for her absence alluded to.

At trial, appellant's counsel sought information as to the name and whereabouts of the confidential informant, since he might "possibly want to subpoena him as a witness favorable to the defense". Agent Charette testified that the informant had made no statements favorable to the defense and the prosecuting attorney gave similar assurances, asserting that disclosure of his identity might endanger his life, as he was then in custody. Agent Charette stated that he knew where the informant was held and that he was available to testify if called. The government was not required to produce him or to disclose his identity.

---

1. Both Dania and Hollywood are communities nearby Fort Lauderdale, Florida.

The identity of the confidential informant, one King, became known to defense counsel after sentence and a sworn statement from him exculpating DeVoe was attached to the appellant's Motion for Rehearing denied by a panel of this court July 21, 1973.

DeVoe contends in this appeal that the conviction should be reversed because of suppression by the appellee United States of evidence favorable to the defendant, in violation of Fifth Amendment due process, based on the claimed newly discovered evidence.

■ The principle was clearly established by Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, that a prosecutor's non-disclosure of evidence favorable to a defendant violates due process where he deliberately deceives a court and jury by presenting testimony known to him to be perjured. Pyle v. Kansas, 1942, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214, extended the rule to state convictions where state authorities knowingly used perjured testimony and suppressed evidence favorable to the accused. Pyle has been construed to mean that the "suppression of evidence favorable" to the accused is in itself sufficient to constitute denial of due process. Almeida v. Baldi, 3 Cir. 1952, 195 F.2d 815.[2]

■ Later cases hold that the prosecutor must reveal known contrary statements of his witnesses despite his belief that their current testimony is true. Giles v. Maryland, 1967, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737. The majority in Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, held that, at least where defense counsel requests disclosure:

"* * * the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, *irrespective of the good faith or bad faith of the prosecution.*" (emphasis supplied).[3]

The appellant urges that his conviction be reversed under the circumstances now brought forth. The appellant suggests two possible views of the actions of the prosecution: (1) that the prosecution knew that if the informant came forward he would deny the testimony of the agents, and that the suppression was thus knowingly carried out; and (2) that the prosecution was acting in good faith and did not suspect that King was prepared to repudiate his prior identification and inculpation of DeVoe. In either event, it is asserted that *Brady's* teachings mandate a new trial. Regretfully, the United States has not, either on brief or in oral argument, realistically met the thrust of appellant's contentions.

■ We do not think that we should attempt decision of the question presented, but rather believe it should be determined by the trial court in the first instance. As we did in United States v. Barson, 5 Cir. 1970, 434 F.2d 127, 131, we adapt to our purposes here the limited remand procedure used by the Supreme Court in Alderman v. United States, 1969, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176. The trial judge is directed to consider the motion for new trial on grounds of newly discovered evidence upon an amplified record and thereupon make appropriate findings of fact and conclusions of law as to wheth-

2. In the situation of a state prisoner Fourteenth, rather than Fifth Amendment due process is involved, but the standard is the same. See Bolling v. Sharpe, 1954, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884.

3. Recent decisions of this court, following the Supreme Court's decision in Couch v. United States, 1973, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548, have emphasized the due process basis for requiring complete disclosure by the United States of proceedings leading to plea negotiations with a co-defendant. United States v. Tashman, 5 Cir. 1973, 478 F.2d 129; United States v. Cawley et al., 5 Cir. 1973, 481 F.2d 702; United States v. Fontenot, 5 Cir. 1973, 483 F.2d 315. The prosecutor must fully and fairly disclose any material facts in his possession which may affect the guilt or innocence of the defendant on trial.

er the conviction of DeVoe should be permitted to stand. Such a hearing should be held and the results thereof certified to this Court within ninety days from the date of this opinion. Our determination as to whether finally to affirm the judgment below or to reverse and remand for new trial will follow such certification. Jurisdiction of this appeal is retained in this Court during the limited remand for the stated purpose.

Remanded with instructions.