**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Steve HODGE, Defendant-Appellant.**

**No. 73-3603**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

June 21, 1974.

Charles O. Baird, Jr., Atlanta, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., E. Ray Taylor, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Steve Hodge with several others was indicted by a grand jury in February 1973 for conspiracy under Title 18 U.S. C. Sec. 371 to violate Title 18 Sec. 2314, (Count One) and for two substantive counts of violating Sec. 2314 by causing falsely made and forged money orders to be transported in interstate commerce. Paragraph two of Count One, in describing the operation of the conspiracy stated that certain money orders of the Ja-

\* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

cob Banking Company had been stolen. The scrivener of the indictment intended to describe the money orders as counterfeit, but a mistake was made in copying language from a similar indictment form also applicable to Sec. 2314. When this error came to light the prosecutor decided he needed a superseding indictment. The appellant was tried, convicted and sentenced below upon the second indictment, the conviction being as to Count One, the conspiracy count, only. The grand jury which returned the original indictment was by this time discharged, and the matter was taken to a second grand jury, which returned a second indictment August 7, 1973. This time paragraph two of Count One alleged that the Jacob Banking Company money orders were counterfeited, but in other material respects the two indictments were identical.

By appropriate motion appellant raised below, and raises here, as the sole ground of his appeal, the constitutionality of the procedure attendant upon the return of the second indictment. He asserts that no witnesses testified before the second grand jury, but rather that the prosecutor merely explained to the jury members the nature of the problem with the first indictment, related in summary unsworn hearsay form, the testimony before the first grand jury, and thereupon secured the second indictment. The government brief on appeal does not deny that this was so. Impliedly the claim is admitted.[1]

An indictment may rest upon hearsay, Costello v. United States, 1956, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397, and we see no problem if government agents did in fact give sworn testimony before the second grand jury as to what they and other witnesses had stated to the first grand jury. But informal unsworn hearsay from the mouth of the prosecutor only is something else altogether. This, we think, is interdicted by the Fifth Amendment. Cf. United States v. Dunham Concrete Products, Inc., 5 Cir. 1973, 475 F.2d 1241, 1248–1249, citing United States v. Tane, 2 Cir. 1964, 329 F.2d 848, 853–854 (indictment must be based on competent evidence).[2]

Because the briefs and record in this case leave us uncertain as to the actual procedure followed before the subsequent grand jury which returned the second and superseding indictment against the appellant, we employ here the limited remand procedure used by the Supreme Court in Alderman v. United States, 1969, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176. Cf. United States v. DeVoe, 5 Cir. 1974, 489 F.2d 158. We direct the trial judge to conduct an evidentiary hearing for the purpose of determining whether the grand jury which returned the second indictment against appellant received sworn testimony from someone other than the prosecutor. The hearing should be conducted and its results certified to this Court within ninety days from the date of this opinion.

1. The government brief, page 6, states: "In light of the purpose and explanation given to the grand jury, the presentation of an FBI agent to recap the same evidence as summarized by the United States Attorney would seem to be only a technical distinction." The inference is that no one other than the prosecutor appeared before the second grand jury. However, a comment inconsistent with this was made by the Assistant United States Attorney during the pre-trial inquiry into the issue. This statement by the attorney seems to say that agents were before the second grand jury:

It was the second grand jury that had been empaneled a month or two before that, but all the evidence gone through again;

didn't have the people come in, *but the agents and I explained the circumstances* and told them there were a couple of typographical errors we wanted to correct, and this is basically what we did. (Record on Appeal, Vol. II, p. 14, line 24) (Emphasis added).

2. Again, the cases seem to permit an informal procedure in securing a new indictment, simply corrective in nature, before the same grand jury that has already heard sworn testimony as to the facts relied upon. United States v. James, 5 Cir. 1961, 290 F.2d 866, 869, cert. denied, 368 U.S. 834, 82 S.Ct. 60, 7 L.Ed.2d 36, and cases cited, 290 F.2d at page 869.

Our determination as to whether finally to affirm the judgment below or to reverse for dismissal of the indictment will follow such certification. Jurisdiction of this appeal is retained in this Court during the limited remand for the stated purpose.

Remanded with instructions.