UNITED STATES of America,
Plaintiff-Appellee,

v.

Eligio Fermin RIVERO,
Defendant-Appellant.

No. 76–3901.

United States Court of Appeals,
Fifth Circuit.

June 17, 1977.

As Amended on Denial of Rehearing
Aug. 30, 1977.

Richard M. Gale, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Samuel Sheres, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and GOLDBERG and RONEY, Circuit Judges.

**JOHN R. BROWN, Chief Judge:**

In *United States v. Rivero*, 5 Cir., 1976, 532 F.2d 450,[1] (Rivero I), we conditionally affirmed Rivero's conviction for attempting to distribute approximately eleven kilograms of cocaine in violation of 21 U.S.C.A. § 846 (count I) and for violation of 18 U.S. C.A. § 924(a), unlawful carrying of a firearm during the commission of a federal felony (count II). Because certain grand jury testimony relevant to count II *possibly* should have been, but was not, supplied by Government to Rivero or his counsel as a Jencks Act statement "which relates to the subject matter as to which the witness has testified", 18 U.S.C.A. § 3500(b), we conditionally affirmed [2] both counts despite the fact that our initial review found no reversible error for the firearms count.

In this instance, one of Government's undercover agents, Marin, testified during the trial about events which included receipt of a two gram sample of cocaine from Rivero and the attempted sale of the eleven kilograms of cocaine. While testifying regarding the same transaction before the first of two grand juries to consider charges presented against Rivero, Marin had testified in similar fashion. On remand from our conditional affirmance of the convictions on counts I and II, we directed the trial judge to examine agent Marin's testimony before the first grand jury, hold such further evidentiary hearings as appropriate under the standards laid down, and then determine whether there was or was not "a reasonable possibility that the absence of this grand jury testimony affected the outcome of the case or handicapped Rivero or his counsel in their presentation or defense." *Rivero, supra* at 461.[3]

■ Pursuant to our *Rivero I* instructions, the District Judge (i) made an *in camera* inspection of the first grand jury testimony of agent Marin, (ii) concluded that some portions of his testimony were "related to the subject matter as to which the witness . . . testified", and (iii)

---

1. For a more detailed account of the happenings in this illegal drug enterprise, one should consult our *Rivero I* opinion.

2. See *Rivero, supra* at 461. In other instances we have followed either the presently utilized conditional affirmance approach or have held our decision in abeyance until receipt of the trial court's additional determinations necessitated by our remand. See generally, *United States v. Howard*, 5 Cir., 1975, 506 F.2d 865; *United States v. DeVoe*, 5 Cir., 1974, 489 F.2d 158; *Richardson v. United States*, 5 Cir., 1966, 360 F.2d 366. Considering that full appellate review ensues after remand under either device, this case demonstrates that conditional affirmance is an administratively sound and workable procedure.

3. In *Rivero I* we set forth the procedure to be followed in this manner.

The Trial Judge should first make an *in camera* inspection of Marin's testimony given before the grand jury which returned the earlier indictment. If, after the *in camera* examination, the Judge concludes that there is an arguable factual basis for concluding that some or all of such grand jury testimony "related to the subject matter as to which the witness . . . testified" at Rivero's trial, the Judge shall make available to all counsel such portions of that grand jury testimony as reasonably related to the two gram incident in Cook's kitchen and the circumstances leading up to and following it or to any other matter as to which Marin testified on the trial under review. See 18 U.S.C. § 3500(c), note 21, *supra*. Marin testified about other things at the trial. If portions of the grand jury testimony relate to *any* part of the trial testimony it should be given to the defense.[22]

The District Court should thereafter conduct such further adversary hearings as appropriate. On reasonable notice such hearing and inquiry will include a comparison of Marin's testimony with respect to the two gram incident as given for the earlier indictment, any testimony on it in the 11 kilos grand jury proceedings and all of this testimony on Rivero's trial.

Upon this inquiry and hearing the Court shall then determine whether there is or is not a reasonable possibility that the absence of this grand jury testimony affected the outcome of the case or handicapped Rivero or his counsel in their presentation or defense.

If the District Court concludes on such hearing that there is such a possibility then a new trial as to both counts must be granted. If, on the other hand, the Court concludes that there is no reasonable possibility that it affected the outcome of the case or otherwise significantly prejudiced Rivero the convictions will stand affirmed.[23] Id.

furnished those portions of Marin's testimony which related to his trial testimony to Rivero's counsel. Subsequently an adversary hearing was held to determine whether "a reasonable possibility that the absence of this grand jury testimony affected the outcome of the case or handicapped Rivero or his counsel in their presentation or defense." *Rivero, supra* at 461. If no such reasonable possibility were found to exist, the convictions on both counts would remain affirmed. If such a possibility did exist, then a new trial on both counts would be granted. In denying a new trial, the District Judge made adequate findings of facts and concluded that the failure to have this Jencks testimony did not affect the outcome of the case or handicap Rivero or his counsel in their presentation or defense. After careful consideration of the trial transcript, the grand jury testimony in question, the Judge's findings, and other relevant portions of the record, we agree with the Trial Judge's conclusions and findings. Thus, Rivero's conviction on both counts stands affirmed.

### Appealed, Not Appealed, And Appealable

■ Prior to addressing Rivero's contentions in this appeal, a review of the limited nature of our remand will facilitate consideration of the issues presented by Rivero in this appeal. Our remand was for a single purpose: to determine whether a reasonable possibility existed that improperly withheld Jencks Act material had an adverse effect on the outcome of the trial result or otherwise significantly prejudiced Rivero. Nothing more was to be considered. The limited nature of this remand fences out

from review by this Court all issues unrelated to the purposes of that remand which could and should have been presented in *Rivero I.*[4]

### Jenckst?

In assessing whether a reasonable possibility that the trial outcome was affected or the defense handicapped, the District Judge concluded that the Jencks statements of agent Marin before the first grand jury were "in the main, duplicative of that which the defendant was already in possession." To the contrary, Rivero's counsel contends failure to have access to agent Marin's testimony before the first grand jury handicapped presentation of the defense because its absence prevented (i) adequate cross examination of agent Marin and Government's informer, Cook, for purposes of challenging each's credibility and for attacking the chain of custody of the two gram cocaine sample introduced into evidence, and (ii) controversion of Marin's trial version of Rivero's use of a firearm during the drug transaction.

On examination of the record, we hold that the District Court found that Rivero's counsel obtained by cross examination of Marin and Cook the information covered by Marin's first grand jury testimony, the absence of which is asserted as having impeded the defense's presentation. Coupling this factor with defense counsel's ability to cast doubt in the manner desired on the credibility of both Marin and Cook justifies the trial court's rejection of appellant's argument that the trial outcome was affected or that the defense presentation was handicapped by the lack of this testimony.[5]

---

4. See text at note 7. In *Rivero I* we declared "as the law of this case that an appeal will lie to this Court from any decision of the District Court on remand adverse to Rivero." *Id.* at 461 n. 23.

5. Rivero's argument that the possession of the first grand jury testimony would have revealed a conflict with agent Marin's trial testimony about possession of the two gram cocaine sample is not supported by our or the trial court's reading of that grand jury testimony. His testimony before that body is consistent with his trial testimony.

Additionally, after the illumination afforded by the remand proceedings, from the context of trial testimony by two other officers totally supporting Marin's version of Rivero's use of a firearm, we fail to see how not knowing that agent Marin had not testified in any manner about the firearm before the first grand jury assists Rivero for impeachment purposes. This is particularly true when no firearms charge was being considered by the first grand jury.

*Petite Jeopardy*

█ Two remaining comments are warranted for Rivero's double jeopardy contention and his "Petite Policy" [6] argument. In light of the limited scope of our remand and our *Rivero I* determination that, for purposes of this conviction, double jeopardy had not attached from a dismissal with prejudice of a prior indictment for a different offense, *Rivero, supra* at 457, the Trial Judge properly refused to consider anew on remand argument on this issue. The *Petite* argument was not raised on the initial appeal. It was not open to the trial court on remand nor to us at this stage.

Based on the foregoing, our conditional affirmance of the conviction on both counts I and II now becomes final.

AFFIRMED.

---

6. *Petite v. United States*, 1960, 361 U.S. 529, 80 S.Ct. 450, 4 L.E.2d 490; *In re Washington*, 5 Cir., 1976, 544 F.2d 203.