United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-50400
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE LUIS GARZA, JR., also known as Jose Luis Garza,

                                        Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. W-00-CR-94-2
--------------------

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:*

    Jose Luis Garza, Jr., also known as Jose Luis Garza, appeals

his jury conviction and sentence for possession with intent to

distribute five kilograms or more of cocaine.  Garza seeks a

remand to the district court to enable it to review his motion

for new trial based on newly discovered evidence.  The Government

agrees that remand is appropriate in this case.

    The district court erred when it denied Garza's timely

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

motion for new trial for lack of jurisdiction because of the pending appeal.[1]  Accordingly, this case is remanded to the district court for the limited purpose of considering Garza's motion for new trial based on newly discovered evidence.[2]  On remand, the district court should consider Garza's motion for new trial "upon an amplified record and thereupon make appropriate findings of fact and conclusions of law as to whether the conviction of [Garza] should be permitted to stand."[3]  The district court may deny the motion or, "if the district court thinks that the motion should be granted, it should certify that determination to the appellate court in order that the appellate court may entertain a motion to remand."[4]

Garza also requests that he be appointed counsel to assist him in obtaining the necessary depositions and affidavits from material witnesses and to represent him at the hearing on his motion for new trial.  Accordingly, the district court is directed to appoint counsel to represent Garza if it determines that Garza qualifies for appointed counsel pursuant to 18 U.S.C.

---

[1]*See United States v. Redd*, 355 F.3d 866, 880-81 (5th Cir. 2003).

[2]*See id.* at 881 n.15; *see also United States v. Devoe*, 489 F.2d 158, 160-61 (5th Cir. 1974).

[3]*DeVoe*, 489 F.2d at 160-61.

[4]*United States v. Fuentes-Lozano*, 580 F.2d 724, 726 (5th Cir. 1978).

§ 3006A or if the interests of justice so require.[5]

This court retains jurisdiction over the appeal except for the purposes of the limited remand stated above.

LIMITED REMAND.

---

[5]*See* 18 U.S.C. § 3006A; *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995).