## MASON v. THE PEOPLE.

ABATEMENT — *another indictment pending.* In a prosecution by indictment for larceny, a plea in abatement which sets up another indictment for the same offense presented at a former term of the same court, is bad on demurrer.

VERDICT — *in larceny — value of property stolen.* Upon an indictment for larceny, it is not necessary that the jury should find specially the value of the property stolen. A general verdict of guilty affirms the truth of all matters charged in the indictment, the value of the property included.

PRACTICE — *instruction as to value of property stolen.* If there is a doubt upon the evidence as to whether the offense is grand or petit larceny, counsel should pray an instruction to the jury to find the value.

*Error to District Court, Arapahoe County.*

THE facts relating to the plea in abatement are sufficiently set out in the opinion. The indictment contained several counts, in each of which the defendants were charged with the larceny of four mules, and some of the mules were alleged to be of the value of $300, and others of the value of $200. The jury returned a general verdict of guilty

against plaintiff in error, and Schræder, who was tried at the same time, was acquitted.

Mr. H. R. HUNT, for plaintiff in error.

Mr. M. A. ROGERS, district attorney, *contra.*

BELFORD, J.   The first error assigned is the sustaining the demurrer to the plea of abatement filed by the plaintiff in error.   It appears that at the April term of the court, an indictment was found charging Thomas Mason, John Chase, Albert Schræder and Albert G. Brown with larceny.   No trial being had at that term, the grand jury, at the ensuing October term, found another indictment against the same parties for the same offense.   Mason set up in his plea the former indictment to abate proceedings on the second.   To this plea a demurrer was sustained.   Another indictment pending for the same offense, constitutes no ground of abatement.   *Dutton* v. *The State*, 5 Ired. 533 ; *Com.* v. *Drew*, 3 Cush. 279 ; Wharton's Am. Crim. Law, 521.   The verdict of the jury failed to specify the value of the goods, and it is strenuously insisted that no valid judgment could be pronounced on such verdict.   The indictment charges the goods taken to be of the value of $500.   The evidence not being set forth in any bill of exceptions, we must presume that it fully sustained the allegation in the indictment.   The verdict being a general one, it must be regarded as a finding of the truth of all the material averments constituting the offense charged, including the allegation of value, so far as that is material.   *Schoonover* v. *The State*, 17 Ohio St. 294; *State* v. *White*, 25 Wis. 359 ; *United States* v. *Tyler*, 7 Cranch, 285.   When the evidence fails to fully disclose the precise value of the goods, or is conflicting on the subject, and embarrassment may be experienced by the court in applying or adjudging the punishment, the counsel for the prisoner should pray an instruction and have the court direct the jury to make a finding as to the value.   This course was not pursued.   We are unable to find any error in this record.

The judgment will be                                    *Affirmed.*