No. 18,209.

THOMAS MITCHELL *v.* PEOPLE OF THE STATE OF COLORADO.

(320 P. [2d] 342)

Decided January 13, 1958.

Mr. THOMAS MITCHELL, Pro se.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. John W. Patterson, Assistant, for defendant in error.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

Plaintiff in error was defendant in the trial court and we will refer to him as he there appeared.

An information was filed in the district court of the City and County of Denver charging defendant with having committed the crime of burglary. Three additional counts alleged that defendant had been previously convicted of felonies in California, Montana and Nebraska.

Defendant not being represented, the trial court assigned counsel to defend him. Upon arraignment, pleas of not guilty were entered as to all counts. Assigned counsel asked leave to withdraw his appearance, which request was granted, and an order entered permitting defendant to conduct his own defense. The court, however, appointed counsel to act as amicus curiae. Defendant was rearraigned and entered a plea of not guilty by reason of insanity to the principal charge, and denied identity upon the three habitual criminal counts. Upon his request two private psychiatrists were appointed by the court to examine him. After commitment to the Colorado General Hospital for observation he was permitted to withdraw his insanity plea, and trial was had upon the issues raised by the plea of not guilty and his denial of identity on the habitual criminal counts.

Upon presentation of the case in chief the only evidence offered by the people related to the alleged commission by defendant of the crime of burglary, as charged in the first count of the information. After the people rested, defendant took the witness stand in his

own behalf. The court thereupon consolidated the issues raised by all the counts contained in the information and disposed of all charges in one trial instead of submitting the habitual criminal counts separately.

The jury found defendant guilty of the crime of burglary and also found that he previously had been convicted as alleged in the three habitual criminal counts. Motion for new trial was filed and overruled, judgment entered, and a sentence to life imprisonment imposed.

Defendant appears in this court pro se. It is flagrantly apparent that he possesses none of the qualifications essential to the proper preparation or presentation of the record, abstract of record, assignments of error, briefs and argument in support of the writ of error issued in this cause. Notwithstanding defendant's numerous failures to follow well-established procedures in the presentation of criminal cases on error in this court, we have carefully examined the record submitted to determine whether he had a fair trial. Much of the "argument" contained in the "brief" filed by defendant reflects a complete misconception of the legal significance of provisions of the Constitution of Colorado quoted by him. No good purpose would be served by lengthening this opinion to include references to the particular constitutional provisions which he asserts were violated in the proceedings before the trial court. Suffice it to say that the "argument" based thereon is without merit. Although the lack of legal training or knowledge on the part of defendant may serve to excuse his unfounded insistence that his constitutional rights were denied, yet however generous we might wish to be toward him, or however liberal in our construction, we would be unable to interpret the constitutional provisions in harmony with his contentions.

Defendant became a witness in his own behalf and denied the burglary alleged to have been committed by him as charged in the first count of the information. Upon cross-examination the district attorney questioned

him at length concerning the previous convictions of felonies as alleged in the habitual criminal counts. He admitted that he had been convicted of each of the felonies referred to. The district attorney, after these admissions of identity by defendant, handed him certain exhibits which, over objection, he identified as true copies of "the judgment and sentence" imposed upon him by the several courts in which he had been previously convicted. At this point he stated to the court:

"Your Honor, as well as I know the purpose of this, and the court does too, if I deny these things they will imperil me, but if I admit them —

"The Court: If you do not know, just say you do not know.

"Mr. Mitchell: I know they are true."

At another point, with reference to the records of conviction, defendant said, "They are all true."

The district attorney then offered the records in evidence, all of which had been identified by defendant as correctly stating his prison record. The exhibits were admitted over the objection of defendant. The following testimony was then introduced:

"Mr. Bowman (the amicus curiae appointed by the court): Do I understand the defendant withdraws his objection?

"Mr. Mitchell: I withdraw my objection to these exhibits.

\* \* \*

"Mr. Bowman: For the record, I want to know whether or not Mr. Mitchell wishes to withdraw his objections to the introduction of verified records of his prior convictions.

"Mr. Mitchell: Yes, I withdraw the objections and do not object to them being admitted."

Defendant called as his own witness the police officer who was in charge of the records in the Bureau of Identification. This officer under questions propounded by defendant identified defendant's exhibit 4 as his

criminal record. The question was: "Officer, is this the exact record of the defendant's criminal record?" He answered: "It is the record of the arrest by the Denver police and has affixed a copy of the FBI report following the submission of fingerprints." The record disclosed the former convictions of defendant as alleged in the habitual criminal counts. Defendant himself offered the exhibit and it was admitted without objection from the district attorney.

In essence, the contention of defendant is that he was compelled, over objection, to identify himself as the person convicted of felonies in other jurisdictions. He asserts that the district attorney was permitted to go beyond the limitations governing the admission of evidence to prove the commission of a felony as affecting the credibility of defendant as a witness. He argues that the district attorney compelled him to prove the people's case in so far as the habitual criminal counts were concerned, and thus the people did not sustain the burden of proof as to those counts.

Questions to be Determined.

First: *Upon trial of a defendant in a criminal case in which the information contains counts under the habitual criminal act alleging that accused had previously been convicted of felonies; and where the prosecution limits the evidence offered on direct to matters relevant to the substantive offense upon which defendant is being tried; and the accused voluntarily takes the stand in his own behalf having theretofore entered a denial that he was the person convicted as alleged in the habitual criminal counts; did the trial court err in requiring him, upon cross-examination, to testify concerning the facts pertinent to those counts of the information charging previous felony convictions?*

This question is answered in the negative. In this case the procedure approved in *Routa v. People,* 117 Colo. 564, 192 P. (2d) 436, was followed. No mention of the habitual criminal counts was made in the presence

of the jury until the people had rested their case. When defendant voluntarily took the stand in his own defense he offered himself as a witness for cross-examination upon any issue raised by any plea entered in the action. In *Wolff v. People,* 123 Colo. 487, 230 P. (2d) 581, the court quoted with approval from the Routa case, supra, as follows:

"We approve of the procedure outlined in the dissent of Mr. Justice Hilliard with the modification that where defendant testifies in his own behalf, as here, or where evidence of former convictions is introduced in impeachment, the question of former convictions is thus opened for consideration and resolution, and the main charge may then be submitted and disposed of without separation."

█ Under provisions of the witness statute (C.R.S. 1953, 153-1-1 et seq.) it was defendant's right and privilege to refuse to take the witness stand, and in that event the district attorney could not offer evidence on the issue of previous convictions until the jury had determined the question of his guilt upon the main, or substantive, offense. As stated in *Routa v. People,* supra:

"Since the defendant herein elected to exercise the statutory privilege of testifying, all of the facts concerning his previous convictions became admissible. When he accepted the privilege conferred by the statute, he also accepted whatever disadvantages resulted therefrom."

Second: *Where a defendant arbitrarily refuses to accept the services of competent counsel appointed by the court to defend him and insists upon conducting his own defense, and during the trial of the case specifically withdraws all objections to the admission in evidence of documents which he had theretofore identified, and to the introduction of which he had at first objected; can he thereafter claim error upon the admission in evidence of such exhibits?*

This question is answered in the negative. We do not mean to infer that the trial court, under the peculiar circumstances disclosed by the record in this case, committed error in overruling the objections made to the documents offered to prove previous felony convictions of defendant. The record is very clear that defendant withdrew all such objections and consented to them being admitted, and stated emphatically that, "They are all true." The error, if any, committed in admitting the records, was waived by defendant.

Defendant had a fair trial. The trial court went to considerable length in its effort to protect him against his own folly in attempting to represent himself. Having voluntarily taken the stand and admitted that he had been previously convicted as charged, he now claims that the state in a new trial should be required to prove these admitted facts in some other manner. This argument is without substance.

The judgment is affirmed.