(No. 39719.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ANITA WHITE, Appellant.

*Opinion filed June 21, 1968.*

WARD, J., took no part.

WENDELL P. MARBLY and THAD B. EUBANKS, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. ZAGEL, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Anita White was convicted of the misdemeanor of theft of property not from the person and not exceeding $150 in value in a trial before a magistrate of the circuit court of Cook County. Defendant's application for probation was granted and she was released to a probation officer for one year on condition that she serve the first 30 days in jail. A constitutional question gives us jurisdiction.

There was no reporter present during the trial of the defendant, so no transcript of the evidence is available. There has been furnished a narrative report of proceedings under Rule 323(c) from which the following facts appear.

Mrs. Idelle Broday shared a room in a nursing home with Mrs. Mickey Kallick. She was robbed of a ring which was taken from her with sufficient force to lacerate her finger. The defendant, who was employed as a nurse's aid in the nursing home the night the ring was taken, was accused of the crime. Mrs. Broday was incompetent to testify and there are grave doubts as to the competency of Mrs. Kallick, the only alleged eyewitness. The complaint was signed by Mrs. Broday's son, apparently on the word of a Mrs. Van Kirk, the head nurse at the home.

Because of the condition of Mrs. Kallick (whose doctors would not permit her to be moved) a portion of the trial was held at the nursing home. Mrs. Van Kirk testified that the eyewitness could not speak but her hearing was normal. The only way she could communicate was to raise her right knee if her answer was "yes" and to remain still if the answer was "no". The trial judge, after extensive examination, stated he thought her competent and she then testified by communicating her answers through the raising of a knee or failure to do so. Her testimony was that she was the roommate of the victim, that she had known the defendant for some time and she identified the defendant as the person who came into their room late at night and removed the ring. Aside from a daughter-in-law of the victim who

described the ring and stated that it could not be removed, the only other witness was Mrs. Van Kirk.

She testified that sometime prior to the incident Mrs. Kallick had been taught to answer questions in the manner described. According to her testimony she asked Mrs. Kallick if she knew who had taken Mrs. Broday's ring and she answered "yes" by moving her right knee. Mrs. Van Kirk then checked the employment records to determine who was employed on the night of the theft and she had each such employee come into the room. When the defendant, Anita White, came into the room Mrs. Kallick raised her knee and Mrs. Van Kirk then informed the police of her investigation.

While the record may not establish total incompetency of the eyewitness, we are of the opinion that her condition was such that defendant could not get a fair trial. The witness had no means of originally communicating an accusation. She was unable to state what she saw nor could she describe the ring or the person who took it. Cross-examination was necessarily limited and had to be conducted under circumstances which we feel violated the fundamental right of cross-examination. Not only was cross-examination unduly restricted by the condition of the witness, but identification left much to be desired. It is practically impossible to gauge the influence which Mrs. Van Kirk may have exerted upon the witness.

The conviction must be reversed and the condition of the only eyewitness is such that it would be useless to remand. Other questions are raised by the defendant, but in view of our holding it is unnecessary to discuss them.

The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.