No. 23413.

WILBERT JOHNSON *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(468 P.2d 745)

Decided May 4, 1970.

LESTER L. WARD, JR., for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, AUREL M. KELLY, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THE plaintiff in error, Wilbert Johnson, who will be referred to herein as defendant, was charged and found guilty by the jury of burglary and larceny. He was sentenced to concurrent terms in the penitentiary.

█ By this writ of error, defendant seeks reversal of the trial court's judgment on the grounds that the evidence was insufficient to support the convictions and that defendant's counsel was improperly restricted in cross-examining one of the People's witnesses. Our examination of this record reveals that these assignments of error are not supportable and we therefore affirm the trial court's judgment.

The People's main witness, whose home was burglarized, was an eye-witness to a major portion of the crimes and identified the defendant as the culprit. This witness testified that she was inside her home and watched the defendant, whom she previously knew, approach and break a window in her front door. After calling the police, she observed the defendant return to his automobile which was parked on the street. This witness testified that she recognized the automobile, having previously seen the defendant drive it. Defendant conversed with another man in the automobile and then he again approached the front door of the witness' home. At this point, the witness testified that she ran from the rear of the house intending to go to the home of a neighbor. Because of the way she was clad, she did not complete the trip to the neighbor's home but turned around and started to return to her home. At this point, she saw the defendant and the other man drive away with a television set in the trunk of the automobile. Upon entering into the interior of her home, she discovered that her television set, valued at $549, was missing. Defendant was arrested shortly thereafter but the television set was never recovered. The defense rested on alibi.

I.

The defendant argues that the evidence was insufficient to support the guilty verdicts because the testimony

508

of the People's main witness was unworthy of belief for two reasons:

(1) Her alleged mental condition rendered her testimony unreliable; and

(2) Her testimony, being inconsistent as to certain of her actions while viewing the activities of the burglar discredited the evidence she presented.

This witness, being the only identification witness, it is the defendant's position that his convictions should be reversed because of the inherent weakness and insufficiency of this testimony.

■ From our review of this record, we do not agree that the main witness' mental condition is such that it could be said, as a matter of law, that her testimony is necessarily unreliable and therefore insufficient. It is true that this witness testified that she had, on voluntary commitment, entered the Colorado State Hospital on two occasions but it does not appear from the record that this confinement was for any mental condition which would render her testimony incompetent. This witness testified she was first hospitalized in 1961 for five or six months when "I went into shock when my mother died." Later, she was again hospitalized just prior to the incidents here involved, because as she testified, "I hurt my back and went into shock. . . ." Defendant did not attempt to challenge the competency of this witness as he might have done under C.R.S. 1963, 154-1-6 (1) (b). Rather, on cross-examination, he sought to test her credibility.

■ When the mental state of a witness is challenged, the question of competency of the witness is for the court, but the credibility of the witness and the weight to be given his testimony are within the exclusive province of the jury. *State v. Moorison*, 43 Wash. 2d 23, 259 P.2d 1105 and *Duran v. People*, 162 Colo. 419, 427 P.2d 318.

■■ The People's evidence and the defendant's evidence of alibi were in conflict. The jury obviously believed the People's witness and disbelieved the evidence on behalf of the defendant. Such is the prerogative of

the jury and where there is competent evidence to support a jury's verdict, a reviewing court will not overturn the verdict. *Davis v. People,* 112 Colo. 452, 150 P.2d 67 and *Hamilton v. People,* 63 Colo. 314, 165 P. 761.

■ Nor is there merit to the defendant's claim that the import of all of the main witness' testimony is discredited because of several inconsistencies. There was no deviation from her identification of the defendant as the culprit. She was inconsistent only on such matters as to whether or not she had the light on in the bathroom just prior to the commission of the offenses, whether she was one or three yards from the front door at a certain time, and whether she put on a housecoat or a bed jacket at another time. These and other similar inconsistencies may have indicated that this witness was a nervous and forgetful person, but certainly, this was also evident to the jury which accepted the main thrust of her testimony as the truth.

II.

■ Defense counsel asked the husband of the main witness about the nature of his relationship with the defendant's sister. The People objected to the question. Outside the presence of the jury, defense counsel made an offer of proof that by this line of questioning, he hoped to establish a meretricious relationship between the witness and the defendant's sister, and that he hoped he could establish the fact that the main witness knew of the relationship, if it did exist.

The trial court sustained the People's objection to this question after considering the defendant's offer of proof. The defendant now contends that the trial court erred in not allowing him to pursue this line of questioning. He asserts that the main witness' identification of him was the most crucial element in the People's case and that he therefore should have been given every opportunity to impeach the testimony of the main witness. The defendant's offer of proof, however, fails to indicate how the

results of such questioning would have impeached the testimony of the main witness.

However, the defendant suggests in his brief that if he had been permitted to continue this line of questioning, and if the answers of the witness had indicated a meretricious relationship between the husband of the main witness and the defendant's sister, and this was known by the main witness, then bias against the defendant by the main witness might have been shown. Defendant also suggests that if a meretricious relationship could have thus been shown, it might have indicated that the witness' husband would have had reason to "frame" the defendant. Defendant theorizes that if the husband had wanted to "frame" the defendant, he could have done so by securing the cooperation of the main witness who, because of her mental condition, would have been highly subject to suggestion by her husband.

Our examination of the record fails to show any offer of proof, fact or circumstance which would support this conglomeration of theories by the defendant. The trial court therefore properly disallowed the question. Without any foundation having been laid for the question and without any offer of proof to indicate otherwise, the question sought to bring out an irrelevant fact. Unless the relevancy of impeaching evidence is plain, it should not be admitted. *Dockerty v. People,* 96 Colo. 338, 44 P.2d 1013 and *Gizewski v. People,* 78 Colo. 123, 239 P. 1026. Also, evidence, the tendency of which is to raise collateral questions and therefore divert the attention of the jury from the real issues, should be excluded. *Courvoisier v. Raymond,* 23 Colo. 113, 47 P. 284. With these guidelines in view, we hold that the trial court properly prevented the defendant from pursuing the line of questioning he had set upon.

Judgment affirmed.

MR. JUSTICE PRINGLE not participating.