555 P.2d 1167 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Robert E. WILKINSON, Defendant-Appellant.
No. 75-016.
Colorado Court of Appeals, Div. III.
April 29, 1976.
Rehearing Denied May 27, 1976.
Certiorari Denied November 8, 1976.
*1168 John D. MacFarlane, Atty. Gen., Henry E. Nieto, Golden, for plaintiff-appellee.
Steven U. Mullens, Robert A. Carvell, Colorado Springs, for defendant-appellant.
Selected for Official Publication.
*1169 SMITH, Judge.
A jury convicted defendant Robert Wilkinson of conspiracy to commit prostitution, pandering, harassment, and two counts of eavesdropping. He appeals the convictions, arguing: (1) That he was denied his constitutional and statutory right to a speedy trial by not being tried within six months of return of the original indictment, since the indictment under which he was tried was based upon the same evidence as that used to obtain an earlier indictment; (2) that the trial court improperly restricted cross-examination of the prosecuting witness concerning his prior sexual behavior; and (3) that the district attorney was guilty of misconduct so prejudicial to the defendant that a mistrial should have been declared. We affirm the conviction.

The Second Indictment
On September 19, 1973, a grand jury indictment, alleging two counts of eavesdropping and one of criminal libel, was filed against the defendant. He pleaded not guilty to all counts on October 1, and trial was scheduled for March 26, 1974.
On March 20, 1974, the same grand jury that had originally indicted defendant returned a new, eight-count indictment against him, charging him with conspiracy to commit prostitution, solicitation of prostitution, pandering, promotion of sexual immorality, harassment, and three counts of eavesdropping. Two days later, the district attorney submitted this indictment to the trial court and moved that trial on these counts be held contemporaneously with those of the original indictment. After defendant stated that he would be unable to prepare for trial on the new charges in the four days remaining until trial, the trial court denied the district attorney's motion, vacated the trial, and dismissed the first indictment.
Defendant, on April 22, entered a plea of not guilty to each of the eight counts of the second indictment. He offered no objection to the orders detailed above until the beginning of trial on July 23, 1974, at which time he filed a motion to dismiss for failure to provide a speedy trial. This motion was denied by the court.
Defendant's first argument against the validity of the second indictment is that it was not based on any evidence other than that used to obtain the initial indictment. This, he asserts, is a violation of the rights of due process assured him by the Fourteenth Amendment of the United States Constitution and Article II, Section 25 of the Colorado Constitution.
The protections of due process do not, however, extend so far as defendant suggests. An indictment returned by a legally constituted grand jury, if valid on its face, is enough to call for a trial of the defined charges on their merits. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397. Such an indictment is not invalidated by other indictments that repeat the allegations or charge new offenses arising from the same transaction. Mason v. People, 2 Colo. 373; People v. Goldberg, 327 Ill. 416, 158 N.E. 680.
Furthermore, a defendant may not challenge the sufficiency or competency of the evidence on which the indictment is grounded, Costello v. United States, supra, in the absence of a showing that the grand jury did not have any evidence before it from which it could infer the commission of the offense charged. See United States v. James, 290 F.2d 866 (5th Cir.). Subjecting indictments to challenge on these grounds would do much to undermine the grand jury process, by virtue of which laymen are able to conduct their inquiries unrestricted by the technical rules of evidence. Accordingly, a grand jury that has once returned an indictment against a defendant may use the same evidence to support the return of a second indictment against the same defendant. United States v. James, supra; Eidson v. United States, 272 F.2d 684 (10th Cir.).
Defendant's next argument directed to the second indictment is that its effect *1170 was to delay defendant's trial until the passage of more than six months from the date of defendant's original plea of not guilty, thus violating both § 18-1-405, C.R.S.1973, and Crim.P. 48(b)(1). He concludes that since the remedy prescribed by both the statute and the rule is dismissal of the pending charges, the jury convictions thereon should be vacated. We disagree.
The six-month limitation of both the statute and the rule runs from the date that defendant's plea is entered. Hence, defendant must enter a plea before he may take advantage of this restriction. Saiz v. District Court, Colo., 542 P.2d 1293. Here, defendant's trial took place within six months of defendant's plea of not guilty to the charges in the second indictment. While the trial was not held until more than six months after defendant's plea to the charges of the original indictment, those charges were dismissed by the trial court. Such dismissal was sufficient to protect defendant's rights under § 18-1-405, C.R.S.1973, and Crim.P. 48(b)(1).
We agree that the People cannot indiscriminately dismiss and refile charges in order to avoid the mandate of § 18-1-405, C.R.S.1973, and Crim.P. 48(b)(1). Schiffner v. People, 173 Colo. 123, 476 P.2d 756. However, to be entitled to dismissal on these grounds, the defendant must affirmatively establish the existence of such a course of action on the part of the prosecution. See Jaramillo v. District Court, 174 Colo. 561, 484 P.2d 1219; Jordan v. People, 155 Colo. 224, 393 P.2d 745. This burden is not satisfied by proof only that the district attorney sought and obtained a subsequent indictment for different offenses arising from the same transaction.

Cross-Examination
The thrust of the prosecution's case was that defendant unlawfully solicited a woman to arrange a sexual liaison with an officer of the Lakewood Police Department. In his defense, defendant argued that he was investigating possible misconduct by police officers in obtaining sexual favors from the female waitresses of a restaurant in Lakewood. To pursue this investigation, he deemed it necessary for one of his agents to establish a personal relationship with the particular officer. He denied, however, that he intended that the agent sexually compromise the officer.
During cross-examination of the victim of the charged offenses, defendant sought to elicit information concerning the officer's prior sexual behavior. The district attorney objected on the grounds that this information was irrelevent to the issues of the case, and the trial court sustained the objection.
In his offer of proof, defendant stated his intention to prove that the officer was driven by a compulsion for sexual contact with women other than his wife. This, he asserted, was relevant in determining who had initiated the sexual encounter forming the basis of the criminal charges against him, and in impeaching the credibility of the officer's testimony against him. Defendant did not, however, specify any testimony of the witness which he expected to contradict.
In impeaching a witness, the inquiry must be directed toward his credibility rather than to his moral character. People v. Couch, 179 Colo. 324, 500 P.2d 967; Tarling v. People, 69 Colo. 477, 194 P. 939. In the absence of any suggestion that the witness had disregarded his oath, the only effect of permitting impeachment of the witness on these issues would have been to discredit and impugn his moral character.
The officer's character, however, was not at issue in this trial. Unless the relevancy of impeaching evidence is plain, it should not be admitted, see Dockerty v. People, 96 Colo. 338, 44 P.2d 1013, and evidence tending to raise collateral questions and to divert the attention of the jury should be excluded. Johnson v. People, 171 Colo. 505, 468 P.2d 745. For these reasons, the trial court properly refused to *1171 permit the cross-examination intended by defendant. People v. Couch, supra; Tarling v. People, supra.

Prosecutorial Misconduct
Defendant alleges three instances of prosecutorial misconduct during these proceedings that he claims are sufficient to mandate reversal. First, prior to trial, counsel for the defense and the district attorney had a meeting at which they discussed certain motions that they intended to make. Defendant asserts that it was agreed at the meeting that the district attorney would not object to the timeliness of defendant's pre-trial motion to dismiss. The district attorney denied that such a stipulation was made and objected to the motion.
Defendant's other contentions concern questions put to the defendant by the district attorney during cross-examination. He alleges that the effect of these questions was to imply that defendant was engaged in, and under investigation for, other criminal activity.
The key consideration in evaluating a motion for a new trial on account of the actions of the prosecuting attorney is the effect of the putative misconduct upon the jury. See People v. Scheidt, 182 Colo. 374, 513 P.2d 446; Heller v. People, 22 Colo. 11, 43 P. 124. Where, as here, the conduct of the prosecutor is not such as would necessarily prevent the jury from rendering a just verdict, the issue of whether prosecutorial misconduct should result in a new trial for the defendant is left to the discretion of the trial court. Lee v. People, 170 Colo. 268, 460 P.2d 796; Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185. Nothing has been brought to our attention that causes us to doubt the court's decision that the district attorney's actions did not unlawfully affect the jury. Those matters that do not appear of record will not be reviewed by this court. People v. Smith, 173 Colo. 10, 475 P.2d 627. See Cintron v. People, 160 Colo. 277, 417 P.2d 4.
We have considered the other arguments raised by defendant; they are without merit.
Judgment affirmed.
PIERCE and BERMAN, JJ., concur.