577 P.2d 297 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Robert Allen TRUJILLO, Defendant-Appellant.
No. 76-086.
Colorado Court of Appeals, Div. I.
December 1, 1977.
Rehearing Denied January 19, 1978.
Certiorari Denied April 3, 1978.
*298 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Lynne M. Ford, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Ilene P. Buchalter, Deputy State Public Defender, Denver, for defendant-appellant.
BERMAN, Judge.
Defendant, Robert Allen Trujillo, was convicted by a jury of rape and first degree kidnapping, and determined to be an habitual criminal. Contending that the trial court erred in allowing the complaining witness to testify, in limiting cross-examination of her, and in the procedure followed in presenting the habitual criminal allegations to the jury, defendant appeals. We affirm.
Around 1:30 in the early morning of June 28, 1975, several witnesses observed a man carrying a woman slung over his shoulder on a street in downtown Colorado Springs. The defendant, identified at trial by one of the witnesses as the man observed that morning, was arrested at the scene. The woman was taken to a local hospital emergency *299 room where she was treated for bruises on her face and underwent examination and test procedures designed to preserve evidence of rape.
At trial, the woman testified that as she walked in an alley after leaving a local cafe, the defendant struck her several times and then forced her to submit to sexual intercourse. She stated at various times that Victor Trujillo, defendant's uncle, was also present at the scene of the rape, but denied his involvement in the attack.

I.
Defendant urges that the trial court erred in ruling that the complaining witness was competent to testify and in refusing to strike her testimony because of inconsistencies, and that, even if she were competent, her limited ability to answer questions denied him his constitutional right to confront witnesses against him. We do not agree.
Absent a showing by the defense that a witness falls within certain statutory exclusions, a witness is presumed competent to testify. People v. Coca, Colo.App., 564 P.2d 431 (1977). Section 13-90-106, C.R.S.1973, which governs the determination of competence, excludes from testifying only those adults "who are of unsound mind at the time of their production for examination." The traditional test is "whether the witness has intelligence enough to make it worthwhile to hear him at all and whether he feels a duty to tell the truth." McCormick on Evidence § 62 (E. Cleary 2d ed. 1972).
In the instant case, the trial court ascertained that the witness understood she would be asked to give evidence in a court of law, that she was required to take an oath which meant that if she failed to tell the truth, she could be sent to jail, and that she remembered the circumstances of the offense well enough to relate them to the jury. The court concluded that she was competent and that her mental or communicative deficiencies were such as to affect the weight rather than the admissibility of her testimony. The question of a witness's competency is within the trial court's sound discretion, Howard v. Hester, 139 Colo. 255, 338 P.2d 106 (1959), and we find no abuse of that discretion here.
Defendant also avers that even apart from the court's determination of the complaining witness's competency, the court erred in not striking her testimony since her responses to questions were inconsistent and contradictory. Initially, we note that her identification of the defendant as the man who had raped her was unwavering. And, although her testimony was incongruous as to several other matters, those inconsistencies were also evident to the jury, who evaluated her testimony as a whole.
"[T]he credibility of the witness and the weight to be given his testimony, are within the exclusive province of the jury." Johnson v. People, 171 Colo. 505, 468 P.2d 745 (1970). Since the court properly instructed the jury regarding credibility, its refusal to strike the complaining witness's testimony because of its inconsistencies was entirely justified. People v. Moreno, 181 Colo. 106, 507 P.2d 857 (1973).
Finally, defendant argues that even if the complaining witness met the minimal requirements for competency, "her extremely circumscribed ability to communicate denied [d]efendant his right of confrontation." The authority cited by defendant in support of this argument, however, is distinguishable, since it concerns a witness who was dumb and could only respond to questions by shaking his head, Quinn v. Halbert, 55 Vt. 224 (1882), and a witness who could only communicate by lifting her knee to indicate assent. People v. White, 40 Ill.2d 137, 238 N.E.2d 389 (1968).
In contrast, in the instant case, the complaining witness could speak and the defendant acknowledges that his counsel was able to bring out contradictions and inconsistencies in her testimony on cross-examination. And, although defendant complains that his counsel "was often stymied in his pursuit of a particular line of inquiry," such an impediment is not one of constitutional significance. As the Colorado *300 Supreme Court stated with regard to the testimony of a deaf mute in Ritchey v. People, 23 Colo. 314, 47 P. 272 (1896), "That difficulty attends the examination of a [prosecution witness] is no reason why his testimony should be excluded."

II.
As an additional ground for reversal, defendant contends that the trial court unduly restricted his right to cross-examine the complaining witness. Defense counsel sought and was denied the opportunity to cross-examine the witness regarding her knowledge of a prior rape conviction of Victor Trujillo, defendant's uncle. By asking that question, defense counsel hoped to show that knowledge of that conviction motivated the complaining witness to identify Robert instead of Victor as her assailant.
"[T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); accord, People v. King, 179 Colo. 94, 498 P.2d 1142 (1972). Nonetheless, when a thorough inquiry into the motives of a prosecution witness is allowed, including inquiry not only as to whether a witness is biased, but also as to why he might be biased, the scope of cross-examination is constitutionally sufficient, see Davis v. Alaska, supra, and its limits are within the sound discretion of the trial court. People v. Crawford, Colo., 553 P.2d 827 (1976); McCune v. People, 179 Colo. 262, 499 P.2d 1184 (1972).
In the instant case, the trial court recognized that the defense theorythat Victor had in fact committed the offense with which the defendant was charged and that the complaining witness was attempting to protect Victor out of feelings of love or fearrequired its granting defense counsel wide latitude in seeking to establish the basis of any possible bias of the complaining witness. Accordingly, the court allowed cross-examination establishing that Victor had been a boyfriend of the witness, that she had formerly loved him and lived with him, and that he had struck her in the past. In addition, the admission of other evidence confirming the relationship of the two and the fact that Victor had previously threatened the complaining witness was permitted.
In such circumstances, the "why" of the witness's possible motive for wrongfully identifying defendant as her attacker was amply presented to the jury. Accordingly, "the jurors [had] . . . the benefit of the defense theory before them so they could make an informed judgment as to the weight to place on [the prosecution witness's] testimony," Davis v. Alaska, supra, and no deprivation of the defendant's right of confrontation occurred. People v. Crawford, supra; McCune v. People, supra.
Conversely, as the trial court recognized, although proffered only to show the complaining witness's motive, inquiry specifically concerning Victor's prior rape conviction might have inordinately distracted the jury by directing its attention from the relevant issue of defendant's culpability. Accordingly, the trial court's ruling limiting the cross-examination of the complaining witness was within its sound discretion. See People v. Crawford, supra. See also Johnson v. People, 171 Colo. 505, 468 P.2d 745 (1970).

III.
As his final assignments of error, defendant complains that the trial court improperly allowed the jury to consider the habitual criminal allegations along with the substantive charges, and improperly admitted in support of the habitual criminal allegations certain exhibits pertaining to his past convictions.
At arraignment, the defendant denied the charged three prior convictions. Testifying in his own behalf, however, he admitted that he had sustained the charged convictions. At the close of all the evidence, the court read to the jury the habitual criminal counts in the information and admitted the challenged supporting exhibits.
*301 Defendant first argues that since he admitted the prior convictions while testifying, presentation of the habitual criminal charges to the jury simultaneously with the question of his guilt of the substantive offense prejudiced the jury's resolution of the latter question and violated § 16-13-103, C.R.S.1973. The defendant's contention is without merit.
In Mitchell v. People, 137 Colo. 5, 320 P.2d 342 (1958), the defendant was alleged to be an habitual criminal as well as being charged with a substantive offense. Upon arraignment, the defendant denied all of the counts, but, after becoming a witness in his own behalf, he admitted on cross-examination that he had suffered the charged prior convictions. Despite the fact that the governing habitual criminal statute, C.R.S.1953, 39-13-3, the current statute's predecessor, had been judicially construed as generally requiring a bifurcated hearing procedure, the Colorado Supreme Court reiterated its prior holdings that "`where [the] defendant testifies in his own behalf . . the question of former convictions is thus opened for consideration and resolution, and the main charge may then be submitted and disposed of without separation.'"
Exclusively relying on § 16-13-103(1), C.R.S.1973, which requires the jury trying the substantive offense also to find whether the defendant suffered the charged prior convictions "unless the defendant admits [those] convictions," defendant urges that the current habitual criminal statute changes the procedure approved in Mitchell. Defendant's argument, however, ignores the remaining portions of the statute which detail the meaning of the introductory subsection.
In particular, the current statute requires that the defendant upon arraignment, admit or deny the alleged prior convictions. Section 16-13-103(3), C.R.S.1973. If, as here, the defendant denies having been previously convicted as alleged in the information or indictment, the statute provides that "the jury impaneled to try the substantive offense shall determine by separate verdict" the truth of those allegations, § 16-13-103(4), C.R.S.1973, as was done here. And, it is only "in any case in which the defendant does not become a witness in his own behalf upon the trial of the substantive offense," (emphasis added) that the statute mandates a bifurcated hearing procedure. Section 16-13-103(4)(a) and (b), C.R.S.1973.
Thus, considering the statutory language in its entirety, we hold that the current habitual criminal provision, § 16-13-103, C.R.S.1973, does not change the procedure approved in Mitchell v. People, supra, and when a defendant, having denied at arraignment the alleged prior convictions supporting an habitual criminal determination, elects to testify at trial and admits the charged convictions, the habitual criminal allegations may be submitted to the jury along with charges of the substantive offense.
Defendant further argues that he was prejudiced by admission of the documents supporting the habitual criminal allegations. Although defendant objected to admission of the exhibits which reflected his prior criminal convictions, he did so on the basis of their being "surplusage" and "cumulative" to the judgment, sentence, and mittimus. Nonetheless, earlier in the trial, he challenged two of the three prior convictions as constitutionally infirm, urged that it was incumbent on the district attorney to remove all doubts of any infirmities, and insisted on several occasions that merely introducing a certified copy of the judgment, sentence, and mittimus was clearly insufficient to discharge that burden. In such circumstances, defendant cannot now complain of the admission of the supporting documents. Cf. People v. Jones, 184 Colo. 96, 518 P.2d 819 (1974).
Judgment affirmed.
COYTE and KELLY, JJ., concur.