The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Joseph J. BEYETTE, Defendant-Appellee.

No. 83SA450.

Supreme Court of Colorado, En Banc.

Jan. 13, 1986.

Warwick Downing, Dean Johnson, Dist. Attys., Cortez, for plaintiff-appellant.

David Vela, State Public Defender, Debra R. Nickels, Barbara Blackman, Deputy State Public Defenders, Durango, for defendant-appellee.

NEIGHBORS, Justice.

The People appeal from the order entered by the Montezuma County District Court dismissing criminal charges against the defendant on the ground that the statutory speedy trial period established by section 18–1–405, 8 C.R.S. (1978 & 1985 Supp.), had expired. We affirm the judgment of the trial court.

## I.

The parties have stipulated to the facts pertinent to this appeal.[1] Following a preliminary hearing that was held in the county court on April 16, 1981, the defendant, Joseph J. Beyette, was bound over to the district court for arraignment on four charges: attempted second-degree murder (count 1)[2], second-degree assault (count 2)[3], first-degree assault (count 3)[4], and criminally negligent homicide (count 4)[5]. Between the date of the preliminary hearing and March 15, 1982, counts 1 and 3 were dismissed when the district court granted the defendant's motions challenging the county court's probable cause determinations.[6]

On March 16, 1982, after the trial on counts 2 and 4 had commenced, the district court declared a mistrial at the request of the defendant and without objection by the district attorney.[7] The case was reset for trial on June 1, 1982. However, on March 26, 1982, the People filed an original proceeding in this court pursuant to C.A.R. 21, and requested a stay of the proceedings. We issued a rule to show cause on April 1, 1982, and ordered a stay of the proceedings in the trial court on May 25, 1982. In their C.A.R. 21 petition, the People sought reinstatement of counts 1 and 3 on the grounds that it was improper for the district court to review the county court's findings of probable cause and that, even if the district court properly could consider the probable cause issue, the evidence established probable cause. The People also sought reversal of the district court's ruling prohibiting a witness who had been hypnotized from testifying.

In *People v. District Court,* 652 P.2d 582 (Colo.1982), we held that it was improper for the district court to review the county court's findings of probable cause, and, therefore, did not reach the merits of the dismissal orders. We did not rule on the testimonial competence of the hypnotized witness because the trial court had not conducted a full evidentiary hearing on the issue. Our opinion was announced on October 12, 1982. We ordered the district court to reinstate the attempted second-degree murder and the first-degree assault charges, counts 1 and 3. On October 27, 1982, the remittitur issued. Thereafter, on

---

1. From our earlier opinion in *People v. District Court,* 652 P.2d 582 (Colo.1982), the briefs and the record, we learn that the defendant is alleged to have shot Toby Velasquez with a .22 caliber pistol from a distance of 3 to 4 feet. The bullet passed through Velasquez' body and struck Cindy Beyette, the defendant's wife, causing her death.

2. § 18–2–101, 8 C.R.S. (1978).

3. § 18–3–203, 8 C.R.S. (1978 & 1985 Supp.).

4. § 18–3–202, 8 C.R.S. (1978 & 1985 Supp.).

5. § 18–3–105, 8 C.R.S. (1978 & 1985 Supp.).

6. The district court concluded that the transcript of the preliminary hearing did not establish probable cause to believe that the defendant had committed the crime of attempted second-degree murder as charged in count 1. The court also found there was insufficient evidence introduced at the preliminary hearing to support the charge of first-degree assault, count 3.

7. The district court's register of actions reflects that the mistrial motion was premised on juror misconduct, apparently arising out of a juror's relationship with a prosecution witness.

January 25, 1983, the district court set the trial for March 7, 1983.

On or about February 22, 1983, Beyette's counsel informed the district court that he would file a motion to dismiss the information because the defendant's speedy trial rights had been denied. The parties then stipulated that the trial date of March 7, 1983, be vacated and that the motion to dismiss be set for hearing on March 8, 1983. After the hearing, the court took the motion under advisement. Finally, on August 29, 1983, the district court granted Beyette's motion and dismissed all of the charges because the case had not come to trial within the statutory period. The dismissal order was made *nunc pro tunc* to March 8, 1983.[8]

## II.

The parties agree that the date on which the defendant's right to a speedy trial began to run is October 6, 1981, when Beyette requested a continuance of the trial date and waived his speedy trial rights. After the mistrial was declared, the People had 113 days to bring the defendant to trial.[9] Nine days elapsed between March 16 and March 26, 1982, when the People filed the original proceeding in this court. When the remittitur was issued by this court on October 28, 1982, 104 days of the original speedy trial period remained. Since the trial was not set to begin until March 7, 1983, the six-month period which began on October 6, 1981, and excluding the time while the original proceeding was pending, had expired.

The issue thus presented is whether the statutory speedy trial period was merely tolled while the People successfully prosecuted an original proceeding challenging the trial court's dismissal of two counts of

a four-count information, or whether a new six-month period was triggered on remand from this court. If the statute was only tolled, then Beyette was not brought to trial within the six-month speedy trial requirement, and the court properly dismissed all counts. On the other hand, if a new six-month period was triggered on remand, then the March 7, 1983 trial date was not beyond the speedy trial period, at least as to the reinstated counts.

Section 18–1–405, 8 C.R.S. (1978 & 1985 Supp.), provides that a defendant must be brought to trial within six months from the date he enters a plea of not guilty, except as otherwise provided in the statute or Crim. P. 48.[10] Absent compliance with this mandate, the pending charges must be dismissed and the defendant cannot again be prosecuted for the same offenses. The statutory language is mandatory. *E.g., People v. Bell,* 669 P.2d 1381 (Colo.1983); *Harrington v. District Court,* 192 Colo. 351, 559 P.2d 225 (1977). Certain periods of delay are excluded from the six-month requirement. Among these excluded time periods are:

> (6)(b) The period of delay caused by an interlocutory appeal whether commenced by the defendant or by the prosecution;
>
> . . . .
>
> (e) The period of delay caused by any mistrial, not to exceed three months for each mistrial;
>
> (f) The period of any delay caused at the instance of the defendant;
>
> (g) The period of delay not exceeding six months resulting from a continuance granted at the request of the prosecuting attorney, without the consent of the defendant if:

C.R.S. (1978 & 1985 Supp.). *See People v. Pipkin,* 655 P.2d 1360 (Colo.1982).

---

**8.** Since the question is not germane to the appeal, we leave for another day the issue concerning the validity and effect of *nunc pro tunc* orders on a defendant's speedy trial rights.

**9.** Twenty-three days remained of the original six-month period (March 15 to April 6). The additional period of delay permitted as the result of a mistrial is 90 days. § 18–1–405(6)(e), 8

**10.** Section 18–1–405, 8 C.R.S. (1978 & 1985 Supp.), and Crim.P. 48 are substantially similar. For the sake of simplicity, we refer in this opinion only to the statute. However, the opinion applies to both the statute and the rule.

. . . .

(II) The continuance is granted to allow the prosecuting attorney additional time in felony cases to prepare the state's case and additional time is justified because of exceptional circumstances of the case and the court enters specific findings with respect to the justification.

§ 18–1–405, 8 C.R.S. (1978 & 1985 Supp.).

### A.

There are two categories of charges in this case: Those that were dismissed and ordered reinstated and those that were not dismissed. Our decisions in *People v. Ferguson*, 653 P.2d 725 (Colo.1982), and *People v. Hampton*, 696 P.2d 765 (Colo.1985), clearly require the dismissal of the latter charges.

In *Ferguson*, 653 P.2d 725 (Colo.1982), we held that an original proceeding under C.A.R. 21 was an "interlocutory appeal" within the meaning of section 18–1–405(6)(b), 8 C.R.S. (1978). The defendant in that case moved to dismiss the case on speedy trial grounds and argued that the period when the original proceeding was being considered by this court was included in the six-month period. We rejected his contention and held that the pendency of the original proceeding tolled the speedy trial statute. Specifically, we stated: "[A]n original proceeding initiated in good faith by either the defense or the prosecution constitutes an 'interlocutory appeal' for purposes of the speedy trial statute." *Id.* at 728. We recently stated in *Hampton*, 696 P.2d 765 (Colo.1985), that "when the prosecution filed the first notice of interlocutory appeal with the clerk of the district court, the trial court was divested of jurisdiction to act on the People's motion for a rehearing in the absence of a limited remand from this court." 696 P.2d 765, 772. In discussing the earlier issuance of a mandate to the trial court by this court, we stated that "the trial was to commence within the fifty-four remaining days," not within six months. *Id.*

Here, the undismissed charges remained pending in the trial court while the People not only sought reinstatement of the dismissed counts but also review of the district court's ruling concerning the admissibility of certain evidence which affected all of the charges. During that time, the district court was divested of jurisdiction to act on the undismissed charges. The statutory speedy trial requirement as to the undismissed charges was merely tolled and the district court properly dismissed them.

### B.

The question presented by the dismissed charges, however, is whether the remand following a successful original proceeding ended what was only a tolling of the six-month requirement or initiated a new six-month time period. We find the reasoning of *Ferguson* persuasive and extend its holding to cover charges dismissed and later reinstated. *See also People v. Erickson*, 194 Colo. 557, 574 P.2d 504 (1978) (in reinstating charges on appeal, we noted that on remand the People had only twenty-eight days to bring the defendant to trial, not a new six-month period).

As the facts in this case illustrate, in some situations not all of the charges alleged in the indictment or information are dismissed by the trial court. *See, e.g., People v. District Court*, 673 P.2d 998 (Colo. 1983); *People v. District Court*, 643 P.2d 37 (Colo.1982). Accordingly, while one party pursues an original proceeding to challenge either the dismissal or the refusal to dismiss a particular count or some other trial court ruling affecting less than all of the counts in a multi-count charging document, the other charges remain pending in the trial court.

We have generally attached significance to judicial economy. The General Assembly enacted a compulsory joinder statute, § 18–1–408(2), 8 C.R.S. (1978 & 1985 Supp.), to require the consolidation of criminal charges that properly should be tried together. We discussed the purposes of the compulsory joinder statute in *Corr v. District Court*, 661 P.2d 668 (Colo.1983),

and in *Jeffrey v. District Court*, 626 P.2d 631 (Colo.1981).

The purposes of compulsory joinder are to protect the accused against the oppressive effect of sequential prosecutions based on conduct occurring during the same criminal episode and to conserve judicial and legal resources that otherwise would be wasted in duplicative proceedings.

*Corr* at 671; *Jeffrey* at 637. To adopt a rule that would, in effect, permit an original proceeding to sever the counts in an indictment or information so that a trial court would be required to conduct two or more trials to adjudicate those issues which it could try in one proceeding would undermine the purpose of the compulsory joinder statute.

If the circumstances of a case make it legitimately impossible for the People to comply with the speedy trial requirements, statutorily authorized remedies can be sought by filing a motion for a continuance and establishing that the case falls within the exception for "felony cases ... [where] additional time is justified because of exceptional circumstances of the case." § 18–1–405(6)(g)(II) (1978 & 1985 Supp.).

■ The People claim that Beyette's counsel was "lying in the weeds" with a speedy trial strategy which involved "machinations" with respect to the judicial system. While Beyette may have known that the trial date was set beyond the six-month period prior to the date when the speedy trial statute was violated, it is the People and the trial court, not the defendant, who have the burden of ensuring compliance with the statutory time limits. *See, e.g., People v. Bell*, 669 P.2d 1381 (Colo.1983); *Marquez v. District Court*, 200 Colo. 55, 613 P.2d 1302 (1980); II *American Bar Association, Standards for Criminal Justice* § 12–2.1 (1982) (time for trial following

remand should commence running without demand by the defendant).[11] Moreover, it appears from the record that the district attorney contacted the clerk of the court for a trial setting. A notice of setting was mailed to counsel for the defendant who apparently had no input into the date on which the trial was ultimately set.

The People also argue that the original dismissals of the counts by the trial court effectively eliminated those counts from the speedy trial requirements, citing *People v. Wilkinson*, 37 Colo.App. 531, 555 P.2d 1167 (1976), and *People v. Dunhill*, 40 Colo.App. 137, 570 P.2d 1097 (1977). Both cases are distinguishable. In *Wilkinson* and *Dunhill*, the issue concerned computation of time from the original filing of charges. Neither case involved an original proceeding or an appeal involving a dismissed count in a multiple-count indictment or information in which all charges arising out of a criminal episode had been filed in a single charging document. Specifically, *Wilkinson* involved two indictments. The trial on the second indictment occurred more than six months after the defendant's plea of not guilty to the first indictment. No speedy trial violation occurred, however, because the first indictment had been dismissed by the court *sua sponte*, and the trial on the second indictment began within six months of the defendant's plea of not guilty to that indictment. In *Dunhill*, the issue was whether the six-month, speedy-trial period was computed from the time of the filing of the last information, or from the time of the filing of the original charge. The court of appeals held that the six-month period commenced upon the arraignment on the last information.

The People's final contention is likewise without merit. They ask us to adopt a rule distinguishing between cases in which the trial court dismisses charges when a de-

---

**11.** Section 18–1–405(5.1), 8 C.R.S. (1985 Supp.), was added to the speedy trial statute in 1985. That provision states:

If a trial date is offered by the court to a defendant who is represented by counsel and neither the defendant nor his counsel expressly objects to the offered date as being beyond

the time within which such trial shall be had pursuant to this section, then the period within which the trial shall be had is extended until such trial and may be extended further pursuant to any other applicable provisions of this section.

fendant's right to a speedy trial has been abrogated, and those in which charges are dismissed for other reasons. We decline to draw such a distinction in the circumstances of this case. The People obtained appellate review of the initial orders dismissing counts 1 and 3 in an original proceeding. In *People v. Jamerson,* 198 Colo. 92, 596 P.2d 764 (1979), we held that "the period of time necessary to go through the appellate process, where the appeal stems from a dismissal upon the defendant's motion, tolls the statutory speedy trial period." *Id.* at 95–96, 596 P.2d at 767. There is no principled basis for adopting differing rules dependent on the form of the appellate remedy chosen by the People. We conclude that the reason why a charge was dismissed does not alter the tolling effect on the speedy trial statute.

Accordingly, we hold that when the People file an original proceeding seeking reinstatement of one or more counts of a multi-count charging document, the speedy trial statute is tolled and the six-month period does not begin anew upon remand from the appellate court.

The judgment of the district court is affirmed.