948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wilbert JOHNSON, Petitioner-Appellant,
v.
Frank GUNTER; Gale A. Norton, Attorney General of the State
of Colorado, Respondents-Appellees.
 No. 91-1185.
 United States Court of Appeals, Tenth Circuit.
 Nov. 13, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Wilbert Johnson appeals from the denial of his habeas corpus petition, 28 U.S.C. § 2254, and the denial of a certificate of probable cause, 28 U.S.C. § 2253. Petitioner is serving a life sentence as an habitual offender. He challenges a 1967 conviction relied upon in the habitual criminal proceedings as invalid due to ineffective assistance of counsel.
 
 
 2
 Petitioner was convicted of burglary and larceny in 1967 and his conviction was affirmed on direct appeal. See Johnson v. People, 468 P.2d 745, 747 (Colo.1970). According to defendant, he has filed two motions for state postconviction relief alleging ineffective assistance of counsel. He submits that the state courts have refused to order an evidentiary hearing. He argues that his trial counsel was ineffective because counsel did not attempt to challenge the competency of the state's lead identification witness.[1] See Johnson, 468 P.2d at 747. On direct appeal, the Colorado Supreme Court noted that the witness testified that she had been voluntarily committed to the Colorado State Hospital for shock. Id. The court indicated, however, "that it does not appear from the record that this confinement was from any mental condition which would render her testimony incompetent." Id.
 
 
 3
 Petitioner's first motion for postconviction relief on the 1967 conviction was denied by a state district court on June 5, 1970. No appeal was taken. In 1985, after being adjudged an habitual criminal, petitioner again sought state postconviction relief on the 1967 conviction. The state district court again denied relief. In his federal habeas petition, petitioner stated that he sought review of the state district court's denial in the state supreme court, but certiorari was denied.
 
 
 4
 The federal magistrate judge recommended dismissal of the habeas petition for failure to exhaust state remedies, reasoning that "the Colorado Court of Appeals, not the Colorado Supreme Court, has initial jurisdiction over appeals from district court final judgments." R. doc. 6 at 2. The federal district court dismissed the petition for failure to exhaust state remedies and noted that mixed petitions containing exhausted and unexhausted claims must be dismissed pursuant to Rose v. Lundy, 455 U.S. 509 (1982). I R. doc. 9 at 2.
 
 
 5
 The federal district court dismissed the petition without a response in accordance with Rule 4 of the Rules Governing Section 2254 Cases and the recommendation of the magistrate judge pursuant to D.Colo.R. 605. Our review of a Rule 4 dismissal of a habeas petition is de novo. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990), cert. denied, 111 S.Ct. 986 (1991). In his appellate brief, petitioner argues that the magistrate failed to note that petitioner did appeal the denial of his second state postconviction proceeding to the Colorado Court of Appeals, and only thereafter was review denied by the Colorado Supreme Court. See Petitioner's Brief at 15-16, ex. C. Though the petition does not explain this artfully, we take notice of it given petitioner's pro se status. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (pro se pleadings construed liberally).
 
 
 6
 We agree with the district court and the magistrate that petitioner must first exhaust his state remedies, 28 U.S.C. § 2254(b) & (c); Picard v. Connor, 404 U.S. 270, 275-76 (1971). However, the Colorado Court of Appeals rejected petitioner's second motion for postconviction relief as successive and foreclosed on the merits by the Colorado Supreme Court's opinion on direct appeal. People v. Johnson, No. 87CA1827, unpub. order at 1 (Colo.App. Dec. 21, 1989). Thereafter, the Colorado Supreme Court denied review. Petitioner has exhausted his state court remedies.
 
 
 7
 Petitioner is required to go beyond notice pleading under Rule 4; he must alert the court to facts which indicate a real and substantial possibility of federal constitutional error. Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977). This petition fails to allege facts which would indicate that trial counsel's performance was deficient, let alone how such deficient performance rendered the outcome of his 1967 trial unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Rather, petitioner seeks to investigate the true motivation behind counsel's decision not to challenge the competency of the identification witness. See R. doc. 3 at 8(i) & 8(ii) (habeas petition). This will not suffice for concrete allegations of professionally unreasonable acts and omissions which render the proceedings fundamentally unfair and violative of the Sixth Amendment right to counsel in criminal proceedings. See Strickland, 466 U.S. at 690, 694. Nor will it suffice for an evidentiary hearing to be required. See Rule 8(a), Rules Governing Section 2254 Cases; Townsend v. Sain, 372 U.S. 293, 312 (1963) (evidentiary hearing on federal constitutional claims required where facts are in dispute and no reliable prior factual determination made); Myrick v. Maschner, 799 F.2d 642, 648-49 (10th Cir.1986) (no allegation concerning specifics of additional evidence--no hearing).
 
 
 8
 Petitioner has failed to make a substantial showing of the denial of a federal right, see Lozada v. Deeds, 111 S.Ct. 860, 861-62 (1991); petitioner's request for a certificate of probable cause is DENIED, and the appeal is DISMISSED.
 
 
 9
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Colorado Supreme Court described trial counsel's apparently tactical choice as follows:
 Defendant did not attempt to challenge the competency of this witness as he might have done under C.R.S. 1963, 154-1-6-(1)(b). Rather, on cross-examination, he sought to test her credibility.
 Johnson, 468 P.2d at 747.